PHILLIPS, ADMRX., APPELLEE, *v.* PELTON, APPELLANT.

[Cite as Phillips *v.* Pelton (1984), 10 Ohio St. 3d 52.]

(No. 83-1171—Decided April 4, 1984.)

53

Messrs. *Ingram & Ingram* and *Mr. John G. Ingram,* for appellee.

Messrs. *Williams & Batchelder, Mr. William G. Batchelder, Jr.,* and *Mr. John T. H. Batchelder,* for appellant.

J. P. CELEBREZZE, J. The question presented in this case is whether the terms of the separation agreement executed between appellant and her former spouse and incorporated into their dissolution decree preclude appellant's participation in the proceeds of the former spouse's life insurance notwithstanding the fact that appellant is the named beneficiary under the policy.

In *Cannon* v. *Hamilton* (1963), 174 Ohio St. 268 [22 O.O.2d 331], this court set forth several principles which are dispositive of this matter.

The general rule is that divorce (or dissolution) alone does not automatically defeat the right of a named beneficiary to receive the proceeds of a former spouse's life insurance policy. *Id.* at paragraph one of the syllabus. In order to effectuate a change of beneficiary, the insured must ordinarily follow the procedure directed in the policy of insurance. *Id.* at paragraph two of the syllabus. In summary, the intentions of the insured as expressed in the designation of beneficiary will normally be upheld.

An exception applies where the terms of a separation agreement which is made part of the divorce (or dissolution) decree "plainly indicate" the elimination of the named beneficiary from all rights to the life insurance proceeds. *Id.* at paragraph three of the syllabus. In that instance, the insured and the former spouse have manifested a contrary intent from the specific designation contained in the policy which should be given effect.

In the instant case, the separation agreement between appellant and her former husband provided, in relevant part:

"That except as herein otherwise provided, each party hereto completely and forever releases the other from any and all rights each has, or may have —

54

"* * *

"As beneficiary in any life, or other type of insurance policy issued to the other."

No other mention of life insurance was made in the agreement.

In the above-cited language, the parties specifically directed their attention to the issue of life insurance and expressed their intention to release all rights which each may have had as beneficiary under the policies of the other. It is our view that this language was sufficient to eliminate each party as beneficiary of the other notwithstanding the fact that no specific change of beneficiary was made. Certainly, such language was sufficiently plain under the standards set forth in *Cannon.*

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.