**METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff,**

v.

**Donna Lynne FRAWLEY, et al., Defendants.**

**Civ. No. C-1-88-0844.**

United States District Court, S.D. Ohio.

May 19, 1989.

Thomas Grossman, Cincinnati, Ohio, for plaintiff.

Elizabeth Pease, Cincinnati, Ohio, John Cumming, Dayton, Ohio, for defendants.

### ORDER

CARL B. RUBIN, Chief Judge.

Plaintiff, Metropolitan Life Insurance Co. (Metropolitan), brings this action for interpleader and declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Plaintiff requests the Court to resolve a controversy among the parties concerning the payment of life insurance proceeds provid-

ed under a plan maintained by the General Motors Corp. (G.M.). This matter is before the Court on a motion for summary judgment by defendants Tracy Pavlak, Peggy Long Whitmore, and Kelly Fourman on their counterclaims and cross-claims. (Doc. no. 12). In accordance with Fed.R.Civ.P. 52, the Court does hereby set forth its Findings of Fact, Opinion, and Conclusions of law.

## FINDINGS OF FACT

(1) Gale Landis, deceased, was an employee of the Harris Radiator Division of G.M. from November 22, 1950 to April 30, 1984. He retired from G.M. effective May 1, 1984.

(2) At the time of his death, Landis was provided with life insurance benefits under a plan maintained by G.M. (G.M. plan) which is governed by ERISA, 29 U.S.C. § 1001, et seq. Benefits were provided to Landis pursuant to a group life insurance policy issued by Metropolitan to the G.M. Plan.

(3) The life insurance policy provided that if an employee died while insured under the policy, the amount of insurance in effect at that time would be paid to the beneficiary of record.

(4) The policy defined the beneficiary as the person or persons designated by the employee, on a form approved by Metropolitan and filed with the employer's records, to receive the amount of insurance payable upon the employee's death.

(5) The employee was free to change the beneficiary at any time by filing written notice on a form with the employer. After receipt of such written notice by the employer, the change related back and took effect as of the date the employee signed the written notice.

(6) Five days after his marriage to Peggy Long Whitmore on or about May 24, 1980, Landis completed a designation of beneficiary form. He designated Whitmore as a beneficiary to receive 50% of the life insurance policy proceeds. Landis designated that the remaining 50% of the proceeds should be divided equally among his three children, Donna Frawley (nee Landis), Lisa Murray (nee Landis), and Jeffrey Landis and his two stepdaughters, Tracy Pavlak (nee Kersey) and Kelly Fourman (nee Kersey).

(7) Gale Landis and Whitmore executed a separation agreement on December 15, 1980. The separation agreement was incorporated into a divorce decree entered in the Montgomery County, Ohio Court of Common Pleas on February 23, 1981. The agreement provides, in pertinent part, that:

> The Husband shall henceforth be the sole and absolute owner of all retirement benefits accumulated as an incident of his employment and the Wife shall henceforth be the sole and absolute owner of any and all retirement benefits accumulated as an incident of her employment.

(8) Gale Landis died on or about September 8, 1987. At the time of his death, he had $81,900 in life insurance coverage under the G.M. Plan.

(9) The Estate of Gale Landis and named beneficiary Frawley have protested payment of any proceeds to Whitmore on the ground that she relinquished her rights to her share of the life insurance proceeds under the separation agreement incorporated into the divorce decree.

(10) On or about November 25, 1987, Jeffrey Landis and Murray submitted claims for their share of the proceeds. On or about February 18, 1988, Metropolitan paid each of these claimants an amount representing 10% of the insurance proceeds.

(11) Whitmore, Fourman and Pavlak have requested their share of the proceeds.

(12) There is remaining $65,520 in insurance proceeds payable under the G.M. Plan.

## CLAIMS OF THE PARTIES

Defendants Whitmore, Pavlak and Fourman move for summary judgment on the ground that the individuals named as beneficiaries on Gale Landis' life insurance policy are entitled to receive the share of the proceeds designated for each individual. These defendants claim that the separation agreement between Gale Landis and Whitmore does not affect distribution of the

policy proceeds. They contend that ERISA preempts the separation agreement, and in any event, the separation agreement does not contradict and is not inconsistent with the insurance plan.

Defendants Frawley, Murray and Jeffrey Landis claim that Whitmore is not entitled to any share of the life insurance proceeds. They admit that the life insurance policy is governed by ERISA but claim that ERISA does not preempt state domestic law affecting distribution of life insurance proceeds. Defendants contend that under Ohio law, Whitmore is not entitled to share in the life insurance proceeds pursuant to the terms of the separation agreement.

## OPINION

The summary judgment procedure under Federal Rule of Civil Procedure 56 is designed to secure a just, speedy, and inexpensive determination of any action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). However, Rule 56(c) permits the Court to grant summary judgment as a matter of law *only* after the moving party has identified as the basis of its motion "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" which demonstrate the absence of any genuine issue of material fact. *Id.* at 323, 106 S.Ct. at 2553. The party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (*quoting, First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)). The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513 (*citing Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970)). The function of the court is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.

*Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510. There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510 (*citing Cities Service*, 391 U.S. at 288–289, 88 S.Ct. at 1592. If the evidence is merely colorable, *Dombrowski v. Eastland*, 387 U.S. 82, 87 S.Ct. 1425, 18 L.Ed.2d 577 (1967) or is not significantly probative, *Cities Service*, 391 U.S. at 290, 88 S.Ct. at 1593, judgment may be granted. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510.

ERISA preempts state laws that "relate to" employee benefit plans. *Shaw v. Delta Air Lines*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). Defendants agree that the separation agreement is state law, which is defined under 29 U.S.C. § 1144(c)(1) as "all laws, decisions, rules, regulations or other state action having the effect of law." However, the Court need not decide whether ERISA preempts the separation agreement in the context of this case. This is so because Whitmore is entitled to 50% of the life insurance proceeds under both the terms of the policy and under Ohio law.

■ The law in Ohio is firmly settled concerning entitlement to life insurance proceeds in the event of a divorce. Divorce alone will not defeat an individual's right to proceeds under a former spouse's life insurance policy. *Cannon v. Hamilton*, 174 Ohio St. 268, 189 N.E.2d 152 (1963); *Phillips v. Pelton*, 10 Ohio St.3d 52, 461 N.E.2d 305 (1984). An exception applies when the divorce decree is intended to eliminate the named beneficiary from all rights to the life insurance proceeds. *Phillips*, 10 Ohio St.3d at 52, 461 N.E.2d 305; *In re: Estate of John S. Sakalos*, C.A. No. 3964, 1986 WL 6677 (9th Appellate Dist. June 11, 1986) (unreported decision). In order to have that effect, the separation agreement must "plainly indicate" the elimination of the former spouse as beneficiary. *Cannon*, 174 Ohio St. 268, 189 N.E.2d 152, syllabus; *Phillips*, 10 Ohio St.3d 52, 461 N.E.2d 305, syllabus. This requirement is

satisfied where the separation agreement (1) specifically refers to the issue of life insurance, and (2) expresses the parties' intent to release all interests each may have as beneficiary under the policy of the other. *Phillips*, 10 Ohio St.3d 52, 461 N.E.2d 305, syllabus. Where the settlement agreement plainly indicates the parties' intent to eliminate the former spouse's rights in the decedent's life insurance proceeds, the parties' intent will be given effect despite the fact that a change of beneficiary was not made in the policy itself. *Phillips*, 10 Ohio St.3d at 54, 461 N.E.2d 305.

■ The language of the separation agreement between Whitmore and Gale Landis is not sufficiently strong and definite to plainly indicate an intent to terminate Whitmore's rights in the life insurance policy. Although one may speculate that the reference to "retirement benefits" in the separation agreement includes the life insurance policy, speculation is insufficient to override the express designation of Whitmore as beneficiary in the life insurance policy.

Second, assuming, *arguendo*, that retirement benefits as that term is used in the separation agreements includes life insurance policies, the agreement does not express the parties' intent to release all interests each may have as beneficiary under any policies of the other. An individual may own a life insurance policy and retain as a beneficiary one who has disclaimed any ownership rights in the policy. Moreover, in order to eliminate Whitmore as a beneficiary, the Court must assume not only that Gale Landis intended to eliminate Whitmore as beneficiary, but also that Whitmore intended to waive her rights as beneficiary under the policy when she signed the separation agreement. Ohio law plainly prohibits the Court from making any such assumptions in ascertaining the intent of the parties to the separation agreement.

The broad and ambiguous language of the separation agreement distinguishes this case from *Phillips* and *Sakalos*. The parties in those cases had specified in the separation agreement that the property involved included a life insurance policy and that the former spouse was waiving all rights under such policy. The separation agreement in this case is more akin to that in *Grelle v. Nationwide Life Insurance Co.*, 63 Ohio App.2d 144, 409 N.E.2d 1056 (1979), which agreement specified that each party was barred from any and all rights as widow or widower in the property of the other. The Court found that although such language evinced an intent that neither party was to succeed to any property of any nature upon the death of the other, the agreement did not specifically refer to life insurance policies and was therefore not sufficiently definitive to eliminate the former spouse as beneficiary.

In short, one may surmise that Gale Landis intended to eliminate Whitmore as beneficiary to his life insurance policy. However, the ambiguous language of the separation agreement, Gale Landis' failure to change the designation of beneficiary in his life insurance policy in the seven years between his divorce and death, and the absence of any other evidence of record evincing an intent to eliminate Whitmore as beneficiary, mandate a finding that the separation agreement does not preclude Whitmore from receiving her share of the life insurance proceeds. See *Cannon*, 174 Ohio St.2d at 268, 189 N.E.2d 152.

The parties do not dispute that the designation of beneficiary in Gale Landis' life insurance policy was valid when executed, nor do they dispute that at the time of Gale Landis' death Whitmore was designated as a beneficiary to receive 50% of the policy proceeds. Because opposing defendants have failed to come forward with any evidence which supports a finding that Whitmore is not entitled to her share of the life insurance proceeds, moving defendants are entitled to summary judgment on their claims for their share of the proceeds.

## CONCLUSIONS OF LAW

(1) The separation agreement between Peggy Long Whitmore and Gale Landis is not inconsistent with the terms of the insurance policy on the life of Gale Landis.

(2) Payment of life insurance proceeds under the plan in issue is governed by ERISA, 29 U.S.C. § 1001, et seq.

(3) In accordance with the terms of said life insurance policy, Peggy Long Whitmore is entitled to receive 50% of all proceeds and the remaining defendants are each entitled to receive 10% of all proceeds.

IT IS SO ORDERED.