LELUX, Appellant,

v.

CHERNICK, Exr., Appellee.

[Cite as *Lelux v. Chernick* (1997), 119 Ohio App.3d 6.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE05–628.

Decided March 20, 1997.

*Law Office of James R. Nein, James R. Nein* and *Matthew R. Copp,* for appellant.

*Arter & Hadden, Michael W. Currie* and *Laura Hauser,* for appellee.

LAZARUS, Judge.

This matter is before this court upon appeal from a judgment of the Franklin County Court of Common Pleas in which the court granted summary judgment in favor of defendant-appellee, Leslie Chernick, executor of the estate of Lisa Lelux, and against plaintiff-appellant, Keith Lelux. Appellant has assigned the following as error:

"The trial court committed error by granting the cross-summary judgment request of the defendant-appellee, Leslie Chernick, Executrix, and denying the motion for summary judgment of plaintiff-appellant, Keith Lelux."

The undisputed facts of this case are as follows. Lisa LeLux and appellant were married on May 4, 1984. On June 24, 1985, Lisa completed the forms necessary to obtain retirement benefits through her employer, designating appel-

lant as primary beneficiary of those benefits and her mother as contingent beneficiary. On December 9, 1985, Lisa completed the forms necessary to obtain life insurance through a group insurance policy issued by John Hancock Mutual Life Insurance Company ("John Hancock") through her employer. Appellant was designated as beneficiary of the insurance policy.

Subsequently, the parties filed a petition for dissolution of their marriage. The dissolution was granted on September 22, 1993, and included a separation agreement. Appellant's lawyer drafted the separation agreement; Lisa was not represented by counsel. The separation agreement set forth the parties' rights and obligations regarding their retirement accounts and life insurance policies, as follows:

"(F) Retirement Accounts.

"The parties represent that the Husband has no retirement account of his own of any kind and that the Wife has a retirement account/plan through her employer. It is hereby agreed by and between the parties that the Wife shall receive, free and clear of any and all claims of the Husband, all funds currently contained in her retirement account/plan or that may hereinafter be deposited into same such account/plan.

"(G) Life Insurance Policies.

"The parties represent that they each currently have individual Life Insurance Policies on their respective lives through their employers. It is hereby agreed by and between the parties that the Wife shall receive, free and clear of any claims of the Husband, her life insurance policy(s) through her employer and that the Husband shall receive, free and clear of any claims of the Wife, his life insurance policy(s) through his employer."

The separation agreement also contained a more general clause entitled "Mutual Releases," in which the parties declared:

" XI. Mutual Releases.

"Except as hereinabove otherwise provided, each party hereby releases and discharges completely and forever the other from any and all rights of past, present, and future support, division of property, right of dower, right to act as administrator or executor in the estate of the other, right to distributive share in the other's estate, right of exemption in the estate of the other, or any other property rights, benefits or privileges accruing to either party by virtue of said marriage relationship, whether the same are conferred by the statutory law or the common law of Ohio, or any other state or of the United States. It is the understanding between the parties that this Agreement, except as otherwise provided herein, forever and completely adjusts, settles, disposes of, and completely terminates, any and all rights, claims, privileges and benefits that each

now has, or each may have reason to believe each as against the other, arising out of said marriage relationship, and whether the same are conferred by the laws of the State of Ohio, or any other state, or of the United States, and which are now, or which may hereafter be, in force and effect."

Lisa died on October 16, 1994, without having filed a change of beneficiary with either her retirement account or her life insurance policy. Lisa's will contained no provision for the disposition of either the retirement benefits or the life insurance proceeds.

On June 2, 1995, appellant filed a complaint for declaratory relief against appellee and John Hancock, demanding that the court order the insurance company to pay the proceeds of the life insurance policy to appellant. The complaint also demanded that the court declare that appellant is entitled to retain possession of the retirement benefits already paid to him by Lisa's employer.

Appellee's answer and counterclaim, filed on June 23, 1995, denied that appellant was entitled to the benefits from the retirement plan and proceeds of the life insurance policy, and sought a declaratory judgment that appellee, and not appellant, was entitled to all funds.[1]

On November 27, 1995, and February 29, 1996, respectively, appellant and appellee filed motions for summary judgment. By judgment entry dated April 11, 1996, the trial court found no genuine issue of material fact to exist and awarded judgment to appellee as a matter of law. Appellant timely appeals.

Denial of a motion for summary judgment is not a final, appealable order. *State ex rel. Overmeyer v. Walinski* (1966), 8 Ohio St.2d 23, 37 O.O.2d 358, 222 N.E.2d 312. Thus, the only issue for review is whether the trial court properly granted appellee's motion for summary judgment. Upon a summary judgment motion, the movant must demonstrate "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47.

Where the movant has made this tripartite demonstration, an appellate court will not disturb a trial court's granting of summary judgment.

---

1. John Hancock apparently agreed to deposit the proceeds of the life insurance policy into a joint account in the name of appellant and appellee pending the outcome of this action. Thereafter, by agreement of the parties, appellant's complaint against John Hancock was dismissed with prejudice pursuant to Civ.R. 41(A).

Separation agreements are subject to the same rules of construction as any other type of contract, and the construction of unambiguous written contracts is a matter of law. See *Graham v. Drydock Coal Co.* (1996), 76 Ohio St.3d 311, 313, 667 N.E.2d 949, 951–952; *Brown v. Brown* (1993), 90 Ohio App.3d 781, 784, 630 N.E.2d 763, 765. "Unlike determinations of fact which are given great deference, questions of law are reviewed *de novo.*" *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm* (1995), 73 Ohio St.3d 107, 108, 652 N.E.2d 684, 686. Contracts are to be interpreted so as to carry out the intent of the parties, as that intent is evidenced by the contractual language. *Skivolocki v. E. Ohio Gas Co.* (1974), 38 Ohio St.2d 244, 67 O.O.2d 321, 313 N.E.2d 374, paragraph one of the syllabus. If a term of a contract is ambiguous, the meaning of the term is a question of fact calling for a determination of the parties' intent. See *Inland Refuse Transfer Co. v. Browning–Ferris Industries of Ohio* (1984), 15 Ohio St.3d 321, 322, 15 OBR 448, 448–449, 474 N.E.2d 271, 272–273. Ambiguous contractual language will be construed against the drafter of the contract. *Cent. Realty Co. v. Clutter* (1980), 62 Ohio St.2d 411, 413, 16 O.O.3d 441, 442, 406 N.E.2d 515, 517. In the instant case, neither party has alleged the language of the separation agreement to be ambiguous. Rather, the parties maintain that this case presents purely legal issues for this court's consideration. The issue is whether the language of the separation agreement "plainly indicates" the elimination of appellant as the named beneficiary from all rights to the insurance proceeds and retirement benefits.

Appellant concedes that the separation agreement specifically addresses both the life insurance policy and retirement account but argues that under *Phillips v. Pelton* (1980), 10 Ohio St.3d 52, 10 OBR 314, 461 N.E.2d 305, *Grelle v. Nationwide Life Ins. Co.* (1979), 63 Ohio App.2d 144, 17 O.O.3d 338, 409 N.E.2d 1056, and *Richardson v. BancOhio Natl. Bank* (Oct. 11, 1990), Franklin County, No. 90AP–283, unreported, 1990 WL 152929, the language in the separation agreement is insufficient to eliminate appellant as beneficiary.

In *Phillips,* the Supreme Court reaffirmed its earlier holding in *Cannon v. Hamilton* (1963), 174 Ohio St. 268, 22 O.O.2d 331, 189 N.E.2d 152, and held:

"Where the parties to a separation agreement which is incorporated into a decree of dissolution specifically direct their attention to the issue of life insurance and express their intent to release all rights which each may have as beneficiary under the policies of the other, such language is sufficient to eliminate each party as beneficiary of the other notwithstanding the fact that no specific change of beneficiary is made." *Id.* at syllabus.

The court reasoned:

"The general rule is that divorce (or dissolution) alone does not automatically defeat the right of a named beneficiary to receive the proceeds of a former

spouse's life insurance policy. In order to effectuate a change of beneficiary, the insured must ordinarily follow the procedure directed in the policy of insurance. In summary, the intentions of the insured as expressed in the designation of beneficiary will normally be upheld.

"An exception applies where the terms of a separation agreement which is made part of the divorce (or dissolution) decree 'plainly indicate' the elimination of the named beneficiary from all rights to the life insurance proceeds. In that instance, the insured and the former spouse have manifested a contrary intent from the specific designation contained in the policy which should be given effect." (Citations omitted.) *Id.*, 10 Ohio St.3d at 53, 10 OBR at 315, 461 N.E.2d at 307.

Accordingly, absent terms which "plainly indicate" the elimination of appellant as the named beneficiary, the life insurance policy and retirement account will be enforced as intended at the time the beneficiary designations were made.

In *Phillips, supra,* the terms of the separation agreement specifically addressed the issue of insurance. The Supreme Court held that the following language expressed an intention to eliminate the rights of the named beneficiary:

" 'That except as herein otherwise provided, each party hereto completely and forever releases the other from any and all rights each has, or may have—

" ' * * *

" 'As beneficiary in any life, or other type of insurance policy issued to the other.' " *Id.* at 53–54, 10 OBR at 315, 461 N.E.2d at 307.

In *Grelle, supra,* this court had the opportunity to construe a separation agreement that did not include a specific reference to the insurance policy at issue, but contained extremely broad language to the effect that neither party was to succeed to any property of any nature upon the death of the other. This court found that a separation agreement that did not specifically address the issue of life insurance and did not express the parties' intent to release all rights that each may have as beneficiary did not have the effect of eliminating the former spouse as beneficiary under three insurance policies. This court reasoned that under those circumstances in order for a such a separation agreement to effect a change of beneficiaries, the separation agreement must make "a specific reference to or statement of elimination of the spouse as beneficiary" and must, "at the very least, include the words 'life insurance beneficiary' " as an expression of the divorcing parties' intention to eliminate each other's beneficial interests in each other's life insurance policy. *Id.,* 63 Ohio App.2d at 148, 17 O.O.3d at 341, 409 N.E.2d at 1059.

In *Richardson, supra,* the decedent had executed a trust agreement naming his spouse as beneficiary of the trust property. The parties subsequently divorced, but the decedent made no modification, addition, or change of beneficiaries. The divorce decree provided that "[a]ny and all assets held by BancOhio Trustee for Donald L. Richardson shall remain the sole property of the Husband." This court held that *Grelle* compelled the conclusion that at least the words "trust beneficiary" should have been included in the decree if it were to plainly indicate an intent of decedent to eliminate the former spouse as beneficiary.

Appellant's reliance on *Grelle* and *Richardson* is misplaced. In *Grelle,* the parties did not specifically address the issue of life insurance while the separation agreement in the instant case specifically addresses both the retirement account and the life insurance policy. With respect to her retirement account, the separation agreement states that Lisa "shall receive, free and clear of any and all claims of [appellant], all funds currently contained in her retirement account/plan or that may hereinafter be deposited into such account/plan." With respect to her life insurance policy, the agreement states that Lisa "shall receive, free and clear of any claims of [appellant], her life insurance policy[s] through her employer."

Regrettably, in *Richardson,* this court made an inappropriate extension of *Grelle,* failing to make any distinction between separation agreements that specifically address the asset in question and those that do not. The divorce decree in *Richardson* specifically addressed the issue of the trust, but relying inappropriately on *Grelle,* this court held that the specific words "trust beneficiary" were necessary to eliminate the former spouse as beneficiary. We do not construe *Phillips* to require that a separation agreement that specifically addresses life insurance must include the words "life insurance beneficiary" to effectuate the elimination of the former spouse as beneficiary.

The Seventh, Eighth, and Ninth District Courts of Appeals have adopted a similar rationale, having held that such broad language in a separation agreement can work to divest an individual of any interest as beneficiary in the life insurance or retirement benefits of his or her ex-spouse. *Biggens v. Prudential Ins. Co. of Am.* (Dec. 28, 1988), Mahoning App. No. 88 C.A.2, unreported, 1988 WL 140550; *Mihalenko v. Merrill, Lynch, Pierce, Fenner & Smith* (Aug. 10, 1995), Cuyahoga App. No. 68682, unreported, 1995 WL 472803; *In re Estate of Sakalos* (June 11, 1986), Lorain App. No 1964, unreported, 1986 WL 6677. The Sixth District Court of Appeals has held otherwise. *Campbell v. Campbell* (Apr. 19, 1991), Lucas App. No. L–90–105, unreported, 1991 WL 59904 (following *Grelle* and holding that the separation agreement eliminated only ownership rights in the

policies and absent the words "life insurance beneficiary" did not eliminate the rights the other spouse might retain as beneficiary).

In *Biggens, supra,* the judgment entry by agreement contained a specific direction of the parties' attention to the issue of life insurance, and the agreement specifically expressed the parties' intention that both were to retain their respective interest in their private life insurance policies, free and clear of any claims of the other. The court held that, even though the ex-spouse was still named as beneficiary in the decedent's life insurance policy, the language of the divorce decree was sufficient to eliminate each party as beneficiary. Similarly, in *Mihalenko, supra,* the separation agreement stated that "Wife shall retain her full interest in her retirement assets, free and clear of all claims by the Husband." The Eighth District Court of Appeals held that such language was sufficient to release all rights which each may have had and to eliminate each party as beneficiary of the other. In *Sakalos, supra,* the decree awarded the decedent the insurance policy "free and clear from any and all claims [of the ex-spouse]." The Ninth District Court of Appeals held that the intent of the clause was to divest the former spouse of any interest in the life insurance as the beneficiary.

The parties to the separation agreement in this case specifically directed their attention to the issues of retirement accounts and life insurance policies and expressed their intention to release any and all claims to the assets of the other. In our view, the language of the separation agreement was sufficient to eliminate each as beneficiary of the other notwithstanding the fact that no subsequent specific change of beneficiary was filed.

Based on all the foregoing, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG, J., concurs.

PETREE, J., dissents.

PETREE, Judge, dissenting.

Being unable to agree with the majority, I respectfully dissent.

The majority concludes that the language in the separation agreement is sufficient to eliminate appellant as the beneficiary of both the life insurance policy and retirement account notwithstanding the fact that no subsequent specific change of beneficiary was filed. I disagree.

The majority distinguishes *Grelle v. Nationwide Life Ins. Co.* (1979), 63 Ohio App.2d 144, 17 O.O.3d 338, 409 N.E.2d 1056, from the instant case on the basis that the separation agreement in *Grelle* did not include a specific reference to the insurance policies at issue. I do not construe *Grelle* so narrowly. In *Grelle,* this court found that in order for a separation agreement to effect a change of beneficiaries, the separation agreement must make "a specific reference to or statement of elimination of the spouse as beneficiary" and must, at the very least, include the words "life insurance beneficiary" as an expression of the divorcing parties' intention to eliminate each other's beneficial interests in each other's life insurance policy. *Id.* at 148, 17 O.O.3d at 341, 409 N.E.2d at 1059. I do not find any indication in *Grelle* that a "specific reference to or statement of elimination of the spouse as beneficiary" would not have been required had the separation agreement specifically referred to the insurance policies. Indeed, this court recognized that the broad language contained in the separation agreement, which manifested an intent that neither party was to succeed to any property of any nature upon the death of the other, could readily have been construed as including insurance policies or proceeds. Thus, my reading of *Grelle* compels the conclusion that even if the separation agreement had contained a specific reference to the insurance policies, but otherwise contained no language specifically indicating an intention to eliminate the spouse as *beneficiary* of the policies, the separation agreement would still not have been construed as effecting the elimination of the spouse as beneficiary under the policies.

Moreover, I conclude that the holdings of this court in *Richardson v. BancOhio* (Oct. 11, 1990), Franklin County, No. 90AP–283, unreported, 1990 WL 152929, and the Sixth District Court of Appeals in *Campbell v. Campbell* (Apr. 19, 1991), Lucas App. No. L–90–105, unreported, 1991 WL 59904, serve only to strengthen my reading of *Grelle.* In *Richardson,* the divorce decree specifically addressed the issue of the trust; however, this court held that the specific words "trust beneficiary" were necessary to eliminate the former spouse as beneficiary. Similarly, in *Campbell,* the separation agreement specifically expressed the parties' intention that both were to retain an individual life insurance policy, free and clear of any claims of the other. The *Campbell* court followed *Grelle* and held that the separation agreement only eliminated ownership rights in the policies and absent the words "life insurance beneficiary" did not eliminate the rights the other spouse might retain as beneficiary.

Thus, I construe *Grelle, Richardson,* and *Campbell* to require that even those separation agreements that specifically address the asset in question must include the word "beneficiary" to effectuate the elimination of the former spouse as beneficiary. Although the separation agreement at issue contains clauses specifically referring to the retirement account and life insurance policy, there is no

specific reference to or statement of elimination of appellant as the beneficiary of either the insurance policy or the retirement account. The word "beneficiary" does not appear in either clause. Thus, I conclude that the separation agreement fails to express an intent to eliminate appellant as the beneficiary under Lisa Lelux's life insurance policy or retirement account. Accordingly, I would sustain appellant's assignment of error and reverse and remand the cause to the Franklin County Court of Common Pleas for further proceedings.