DECISION
Defendant-appellant, Sandra A. Drabik, Administrator W.W.A. of the estate of David H. Griner, appeals from a judgment of the Franklin County Court of Common Pleas finding that plaintiff-appellee, Carol Griner, is the beneficiary of a life insurance policy owned by the decedent.
The facts of the case are largely undisputed. Carol and David Griner were married in 1968; no children were born from the marriage. Defendant-appellee, Unum Life Insurance Company of America ("UNUM"), then known as Union Mutual Life Insurance Company, issued a $15,000 whole life insurance policy to Mr. Griner in 1980, under the policy number LUL656249. Under the terms of the policy, the death benefit was payable to the named beneficiary designated by Mr. Griner. Upon issuance of the policy, Mr. Griner designated Carol Griner as primary beneficiary and his mother as the contingent beneficiary. At no time thereafter did Mr. Griner effect any change of beneficiary for the policy.
Mr. and Mrs. Griner terminated their marriage by dissolution on September 25, 1996. The decree incorporated a separation agreement executed by the parties containing the following provisions:
ARTICLE 2. * * *
* * *
 E. Investments, Annuities, Life Insurance and other accounts. Each Party shall retain property inherited from his or her family free from any claim of the other. The investment assets of the Parties shall be divided as follows: Wife shall retain as her own the following:
1) Flexible Annuity account no. 93102852392-2, value of $67,788;
2) Manulife Universal Life policy, value of $25,998;
3) New Dimensions account no. 01061788876-8, value of $17,808;
 4) [O]ut of the Cash Reserve account no. 00708971772-7, the sum of $724; and
 5) The sum of $10,000 out of the Growth Fund account no. 02191788876-6, which represents Husband's repayment of loan from Wife for his car.
Husband shall retain as his own the following:
1) Flexible Annuity account no. 93102874358-7, value of $54,891;
2) Aetna Flexible Annuity, value of $38,312;
 3) Lincoln Universal Life account no. 207220840, value of $29, 400;
4) Manulife account L6L656249, value of $5,235;
5) Retirement Annuity account no. 93000355014, value of $44,519;
6) Growth Fund account no. 02191788876-6, value of$37,096; and
7) [O]ut of the Cash Reserve account the sum of $865.
* * *
 G. Other Property. All other property not enumerated herein shall remain the property of the Party in whose possession the same now stands, physically or constructively.
* * *
 ARTICLE 5. COMPLETE SETTLEMENT. This Agreement shall be a full and complete settlement of all property rights between the Parties. Each Party hereby releases all claims and demands against the other, including rights of dower, inheritance, descent and distribution, allowance for support, all rights as surviving spouse, heir, legatee, and next of kin in the estate of the other, and rights in all property which each now owns or may acquire, except as herein provided.
Mr. Griner died on July 21, 1998. UNUM received two separate claims for the death benefits under the insurance policy, one from Mrs. Griner based on her status as named beneficiary under the policy, and a second from Mr. Griner's sisters, Cathy Douglas and Sara Forrest, based on their contention that Mrs. Griner's beneficiary status had been extinguished by the dissolution of marriage.
Litigation began with a complaint filed by Mrs. Griner against UNUM for the death benefits. UNUM then filed a third-party complaint against Cathy Douglas and Sara Forrest. UNUM sought to have the matter decided as an interpleader action, but the parties subsequently agreed to substitute appellant, Sandra Drabik, in her capacity as the administrator of the estate, as a third-party defendant. The matter was thereafter decided on cross-motions for summary judgment filed by Mrs. Griner and Sandra Drabik. In deciding the case on summary judgment, the court had before it the relevant insurance documentation, the separation agreement between Mr. and Mrs. Griner, the deposition testimony of Mrs. Griner, and the deposition testimony of Karen Cookston, a financial planner who had worked for the Griners both before and after their separation and eventual dissolution. The trial court then rendered its decision in favor of Mrs. Griner, finding that her ongoing status as beneficiary under the insurance policy had not been altered by the separation agreement, and that the Ohio statute which would have abrogated her beneficiary rights as a matter of law, being enacted subsequent to the purchase of insurance by Mr. Griner, was not applicable to the case.
The administrator has timely appealed and brings the following three assignments of error:
 I. First Assignment of Error: The trial court erred as a matter of law when it created a new test in construing the Separation Agreement while applying this Court's rule announced in Lelux v. Chernick (Mar. 20, 1997), Franklin App. No. 96APE05-628, 1997 Ohio App. LEXIS 1129, unreported. The trial court focused on a single provision in the Separation Agreement when construing the intent of the parties, in contravention of general principles of contract construction.
 II. Second Assignment of Error: In the alternative, the trial court erred as a matter of law by sustaining Appellee's Motion for Summary Judgment pursuant to Ohio Civil Rule of Procedure 56(C) because Appellee did not demonstrate that there were no genuine issues as to material facts.
 III. Third Assignment of Error: In the alternative, the trial court erred as a matter of law in determining that the UNUM life insurance policy was not renewed after the enactment of Ohio Revised Code § 1339.63, thereby requiring the application of Ohio Revised Code § 1339.63 to the facts of the case sub judice.
Initially, we note that this matter was decided on summary judgment. Pursuant to Civ.R. 56(C), a motion for summary judgment shall be granted if: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence demonstrates that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party opposing the motion. Davis v. Loopco Industries, Inc. (1993), 66 Ohio St.3d 64. Upon appeal, the appellate court will independently review the pleadings and evidentiary materials submitted to the trial court in support of, and in opposition to, summary judgment, and apply the same standard to determine whether the materials submitted establish a genuine issue of material fact. Heritage Mut. Ins. Co. v. Ricart Ford, Inc. (1995),105 Ohio App.3d 261, 264. When reviewing the grant of summary judgment, the appellate court will review the judgment independently and will not defer to the trial court's conclusions. Midwest Specialties, Inc. v.Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6.
Appellant's first assignment of error asserts that the trial court erred when it construed the separation agreement as not evidencing an intent on the part of the parties to terminate Mrs. Griner's interest as a beneficiary in the UNUM life insurance policy, and that the trial court misinterpreted and misapplied the pertinent legal precedent on this issue.
The construction of written contracts is a matter of law. Alexander v.Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, paragraph one of the syllabus. A court construing a contract will therefore strive to discover and effectuate the intent of the parties, which is presumed to reside in the language chosen by the parties in the agreement. Graham v. DrydockCoal Co. (1996), 76 Ohio St.3d 311, 313. If the contract is clear and unambiguous, there is no issue of fact to be determined and the court will not strive to create a new contract by finding an intent not expressed in the clear language employed by the parties. Inland RefuseTransfer Co. v. Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St.3d 321, 322. The court will resort to extrinsic evidence only where the language of the contract is unclear or ambiguous, or the circumstances surrounding the agreement invest the language of the contract with a special meaning. Shifrin v. Forest City Enterprises,Inc. (1992), 64 Ohio St.3d 635, syllabus. Cases involving the interpretation of contracts whose execution and validity are not at issue, such as the case before us, therefore, are uniquely suited to decision upon summary judgment, since they primarily present issues of law rather than issues of fact.
The general rule in Ohio once was that divorce would not automatically defeat a former spouse's right to receive life insurance benefits as the named beneficiary in a former spouse's life insurance policy, absent a formal change of beneficiary notice submitted by the insured to the insuror. Cannon v. Hamilton (1963), 174 Ohio St. 268. The basis for this rule was that the provisions of the insurance contract would not be superseded by the terms of the separation agreement, an unrelated agreement to which the insuror was not a party. Over time, a rather significant exception to the above rule was carved out, as set forth inPhillips v. Pelton (1984), 10 Ohio St.3d 52, where the court stated in the syllabus as follows:
 Where the parties to a separation agreement which is incorporated into a decree of dissolution specifically direct their attention to the issue of life insurance and express their intent to release all rights which each may have as beneficiary under the policies of the other, such language is sufficient to eliminate each party as beneficiary of the other notwithstanding the fact that no specific change of beneficiary is made [with the insuror].
The separation agreement at issue in Phillips specifically stated that the parties released each other from all rights "as beneficiary in any life, or other type of insurance policy issued to the other." Id. at 54. Subsequent cases, therefore, for a time held that, in order for a separation agreement to eliminate a named beneficiary, the separation agreement must clearly make reference to the type of insurance policy, annuity, trust, or other asset at issue and employ the term "beneficiary." See, e.g., Campbell v. Campbell (Apr. 19, 1991), Lucas App. No. L-90-105, unreported. This court reached a similar conclusion inGrelle v. Nationwide Life Ins. Co. (1979), 63 Ohio App.2d 144, andRichardson v. Banc Ohio Nat'l Bank (Oct. 11, 1990), Franklin App. No. 90AP-283, unreported.
In a later case, however, this court relaxed the requirement that the separation agreement contain such specific language: "We do not construePhillips to require that a separation agreement that specifically addresses life insurance must include the words `life insurance beneficiary' to effectuate the elimination of the former spouse as beneficiary." Lelux v. Chernick (1997), 119 Ohio App.3d 6, 12. The separation agreement in Lelux contained the following provision with respect to life insurance policies held by the parties at separation:
 The parties represent that they each currently have individual Life Insurance Policies on their respective lives through their employers. It is hereby agreed by and between the parties that the Wife shall receive, free and clear of any claims of the Husband, her life insurance policy(s) through her employer and that the Husband shall receive, free and clear of any claims of the Wife, his life insurance policy(s) through his employer. [Id. at 8.]
We found that this language sufficiently revealed an intent on the part of the parties to divest the former spouse of any interest in the life insurance contract as a beneficiary:
 The parties to the separation agreement in this case specifically directed their attention to the issues of retirement accounts and life insurance policies and express their intention to release any and all claims to the assets of the other. In our view, the language of the separation agreement was sufficient to eliminate each as beneficiary of the other notwithstanding the fact that no subsequent specific change of beneficiary was filed. [Id. at 13.]
We reached this conclusion in large part because the separation agreement sufficiently designated both the life insurance policy and retirement account at issue. Id. at 8.
Appellant contends that Lelux is clear, binding precedent, on all fours with the case before us, and that the trial court erred in failing to apply it to divest Mrs. Griner of her beneficiary rights. We disagree. The language of the separation agreement before us, as quoted above, enumerates specific life insurance policies and investment assets. Appellant argues that one such listed asset, "Manulife account L6L656249, value of $5,235," arguably corresponds to the life insurance policy at issue before us. While there is a close similarity in the account number, which differs only by one digit from the UNUM life insurance policy, the UNUM policy was never issued or held under the "Manulife" name, and the $5,235 value of the Manulife account does not correspond with any asserted value of the UNUM policy at issue. Other than the similarity in the account numbers, appellant has presented no evidence that the two policies are, in fact, the same. Remaining within the four corners of the contract, we are compelled to conclude that these similarly numbered, but otherwise entirely dissimilar, instruments are, in fact, distinct and separate items. It follows therefrom that the UNUM policy is not specifically addressed in the separation agreement. Under the doctrine of Inclusio Unius Est Exclusio Alterius, it further follows that the parties, having specifically enumerated those retirement accounts, annuities, and life insurance polices which they wished to address in the separation agreement, equally intended not to specifically address the UNUM policy. We therefore find that the present case differs significantly from the situation in Lelux, in that the life insurance policy at issue is not specifically referenced in the separation agreement. Under these circumstances, lacking evidence of a specific intent on the part of the parties to exclude Mrs. Griner as a beneficiary of the policy, the clear contractual provisions of the policy in which she is designated as named beneficiary should be given effect. We therefore find that the trial court did not err in this respect, and appellant's first assignment of error is accordingly overruled.
Appellant's second assignment of error asserts that the trial court erred in granting summary judgment because there remained a material issue of fact since the "Manulife" account referred to in the separation agreement could possibly be interpreted as referring to the UNUM policy at issue in this case. Other than the similarity in policy numbers, however, appellant points to no evidence in the record to support the proposition that the two policies are the same. Since the policies differ in both dollar value and issuing company name, absent any evidence furnished by appellant to the contrary, the similarity in numbers is insufficient to raise a material issue of fact on this question. We therefore find that the trial court did not err in concluding that the UNUM policy at issue was simply not listed among the enumerated insurance policies, annuities, and retirement accounts in the separation agreement, and appellant's second assignment of error is overruled.
Appellant's third assignment of error asserts that the trial court erred in finding that R.C. 1339.63 was not applicable to the policy at issue. R.C. 1339.63(B)(1), effective May 31, 1990, statutorily supersedes the previous general rule embodied in Cannon, that a separation agreement would ordinarily have no effect on beneficiary status. The statute substitutes the contrary presumption that termination of marriage would automatically terminate beneficiary status:
 Unless the designation of beneficiary or the judgment or decree granting the divorce, dissolution of marriage, or annulment specifically provides otherwise, and subject to division (B)(2) of this section, if a spouse designates the other spouse as a beneficiary or if another person having the right to designate a beneficiary on behalf of the spouse designates the other spouse as a beneficiary, and if, after either type of designation, the spouse who made the designation or on whose behalf the designation was made, is divorced from the other spouse, obtains a dissolution of marriage, or has the marriage to the other spouse annulled, then the other spouse shall be deemed to have predeceased the spouse who made the designation or on whose behalf the designation was made, and the designation of the other spouse as a beneficiary is revoked as a result of the divorce, dissolution of marriage, or annulment. [R.C. 1339.63(B)(1).]
The UNUM policy was issued in 1980, ten years before the effective date of R.C. 1339.63. The statute is not retrospective in application and, thus, has no application of policies issued before its effective date.Aetna Life Ins. Co. v. Schilling (1993), 67 Ohio St.3d 164, syllabus. Appellant argues, however, that, pursuant to Benson v. Rosler (1985),19 Ohio St.3d 41, 44, "statutes pertaining to a policy of insurance and its coverage, which are enacted after the policy's issuance, are incorporated into any renewal of such policy if the renewal represents a new contract of insurance separate from the initial policy." Since annual premiums on the UNUM policy were paid between the effective date of R.C.1339.63 in 1990, and the death of Mr. Griner in 1998, appellant asserts that an "inference" can be drawn that the policy was renewed on an annual basis with the payment of each premium. Those parts of the insurance policy reproduced in the record, however, while establishing the issuance date of the policy, do not refer in any respect to renewal of the policy on an annual basis thereafter. The evidence in the record, therefore, establishes only that the policy was issued prior to the effective date of R.C. 1339.63, and is not subject to the provisions of the statute. Appellant having failed to present any evidence to the contrary to show renewals, as opposed to continuing coverage under the original terms of the policy, it was not error for the trial court to find that R.C. 1339.63
was inapplicable to the UNUM policy. Appellant's third assignment of error is accordingly overruled.
In summary, and in accordance with the foregoing, the trial court did not err in granting summary judgement in favor of Mrs. Griner. Appellant's first, second, and third assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
LAZARUS and KENNEDY, JJ., concur.