OPINION
Appellant, Florence Soletro, appeals from the judgment of the Trumbull County Court of Common Pleas, wherein the court granted summary judgment in favor of appellees, Veterans Life Insurance Company ("VLIC"), and Tammy Soletro. This dispute involves the proceeds of a life insurance policy that was owned by the late Anthony Soletro at the time of his death.
Florence and Anthony Soletro were married. They were divorced on July 30, 1997. In the divorce, it was intended that Anthony Soletro retain ownership of the VLIC policy, which insured his life. However, the language of the divorce decree was unclear and, consequently, the issue of ownership was re-litigated. Appellant sought ownership of the policy.
Mr. Soletro retained the services of Attorney Robert J. Vesmas for purposes of this litigation. The trial court determined that Mr. Soletro owned the policy and entered judgment to that effect on July 7, 1998. Attorney Vesmas then submitted a copy of the judgment entry to VLIC. He requested that VLIC adjust their records accordingly. Attorney Vesmas also indicated, in writing, that Mr. Soletro wanted to change the beneficiary from appellant to his daughter, Tammy Soletro. Two days later Mr. Soletro died.
In the current litigation, it is not disputed that Mr. Soletro was the owner of the policy. It is also not disputed that he had the unfettered right to change the beneficiary of the policy to whomever he wished. Appellant's sole contention is that Mr. Soletro was the only person who could rightfully request a change of the beneficiary. The policy provision with respect to beneficiaries states, in relevant part:
 "At the time of application for coverage under this Policy, you shall designate a beneficiary. You may change any revocably designated beneficiary * * *. Changes in the designation of beneficiary will take effect as of the date written notice of change is signed, if we acknowledge receipt in writing of the notice, whether or not you are alive at the time of the acknowledgement. Such change is subject to the rights of any assignee of record * * *."
 Appellant was a revocably designated beneficiary. Appellant argues that Attorney Vesmas was without authority to change the beneficiary and that his certified letter requesting a change of beneficiary constituted an invalid request. Appellant argues that, as a result, she remained the designated beneficiary at the time of Mr. Soletro's death.
However, VLIC recognized the request as valid. It changed the beneficiary and paid the proceeds of the policy to Tammy Soletro. Appellant filed the instant action claiming the funds were wrongfully paid to Tammy Soletro. VLIC filed a motion for summary judgment, which was granted. Appellant timely filed her appeal, assigning one error.
Appellant argues the trial court erred in granting summary judgment because there remained a genuine question of material fact as to whether Attorney Vesmas "had inherent authority" to direct VLIC to change the beneficiary of the policy in question. Appellant argues that attorney Vesmas was hired to litigate the ownership of the policy, but that the scope of his authority ended there. Appellant argues Attorney Vesmas exceeded his authority by naming a new beneficiary to VLIC on Mr. Soletro's behalf. In essence, appellant argues that only a written instrument signed by Mr. Soletro changing the beneficiary, or authorizing Attorney Vesmas to take action to that effect, will suffice to resolve the issue in appellees' favor as a matter of law.
Under the current law, an ex-spouse only retains beneficiary status on a life insurance policy owned by the other ex-spouse if the decree of divorce specifically provides that they retain beneficiary status. In 1990, R.C. 1339.63 was amended so that, upon divorce, an ex-spouse who was previously the beneficiary of a life insurance policy insuring the other ex-spouse is presumptively eliminated as the beneficiary of that policy. R.C. 1339.63 states, in relevant part:
 "(B)(1) Unless the designation of beneficiary or the judgment or decree granting the divorce * * * specifically provides otherwise, * * * if a spouse designates the other spouse as a beneficiary * * * and if, after either type of designation, the spouse who made the designation * * * is divorced from the other spouse, * * * then the other spouse shall be deemed to have predeceased the spouse who made the designation * * *, and the designation of the other spouse as a beneficiary is revoked as a result of the divorce * * *."
 However, the Supreme Court of Ohio has held that "R.C. 1339.63, as applied to contracts entered into before the effective date of the statute, impair the obligation of contracts in violation of Section 28, Article II of the Ohio Constitution." Aetna Life Ins. Co. v Schilling
(1993), 67 Ohio St.3d 164, syllabus. Thus, the statute is not retrospective in application and does not apply to policies issued before its effective date. This court had occasion to apply this holding in Natl. City Bank, N.E. v. Rounsley (July 18, 1997), Trumbull App. No. 96-T-5588, unreported, 1997 Ohio App. LEXIS 3114. We concluded that, under the facts of that case, R.C. 1339.63 did not apply to a contract entered into in 1985, five years before R.C. 1339.63's enactment in 1990. The policy at issue in this case was issued in 1986, and appellant was designated as beneficiary at that time. Thus, R.C. 1339.63 is not applicable in the present case.
However, the Supreme Court of Ohio's holding in Phillips v. Pelton
(1984), 10 Ohio St.3d 52, does apply. In Phillips, the Supreme Court of Ohio held the following:
 "Where the parties to a separation agreement which is incorporated into a decree of dissolution specifically direct their attention to the issue of life insurance and express their intent to release all rights which each may have as beneficiary under the policies of the other, such language is sufficient to eliminate each party as beneficiary of the other notwithstanding the fact that no specific change of beneficiary is made." (Emphasis added.) Id. at syllabus.
 Courts applying Phillips have concluded that it is not necessary for the separation agreement to specifically use the phrase "life insurance beneficiary" in the agreement to eliminate the prior beneficiary, rather, it is sufficient that the agreement award the policy to one party "free and clear of any claims" of the other party. Lelux v. Chernick (1997), 119 Ohio App.3d 6, 12; Natl. City Bank, N.E. v. Rounsley, at *11-12.
In the present case, the following stipulation was read into the record at the divorce proceeding: "[Mr. Soletro] shall retain as his sole property, free and clear of any claim of the [appellant], * * * ownership of a Veteran's Life Insurance Policy * * *." As the result of this stipulation, once ownership was definitively established in the subsequent litigation, appellant was eliminated as the beneficiary regardless of whether Mr. Soletro had yet to comply with procedures for notifying the insurer. Even if the naming of Tammy Soletro as beneficiary were a nullity, the worst case scenario would have been that the estate of Mr. Soletro would have become the beneficiary. It is questionable whether, at the point ownership was definitively established with Mr. Soletro, appellant even had standing to challenge his subsequent assignment of a beneficiary.
Furthermore, it is clear that Mr. Soletro did not wish appellant to remain the beneficiary of the policy. He would not have proceeded with the post-divorce litigation if his intent were otherwise. Appellant argues that Attorney Vesmas was hired to conduct the post-divorce litigation, but that the scope of his authority ended there. She argues he did not have the authority to notify VLIC of a desired change in beneficiary. It is entirely unclear how appellant would have any knowledge of what authority Mr. Soletro vested in Attorney Vesmas. In contrast, Attorney Vesmas submitted an affidavit stating Mr. Soletro directed him to change the beneficiary to Tammy Soletro. Tammy Soletro also submitted an affidavit stating Mr. Soletro wanted her to be the beneficiary and that he directed Attorney Vesmas to accomplish this change. There is no evidence in the record contradicting these statements, nor are there any suspicious facts afoot. Tammy Soletro was Mr. Soletro's surviving daughter, a logical beneficiary, and there are no other parties challenging her assignment as beneficiary. It is permissible in Ohio for the notification to an insurer of a change in beneficiaries to be accomplished by and through an agent of the insured. See Atkinson v. Metropolitan Life Ins. Co. (1926), 114 Ohio St. 109;Kabbaz v. Prudential Ins. Co. (1985), 27 Ohio App.3d 254. Under the facts of this case, we find that the granting of summary judgment to appellees was appropriate. Appellant's assignment of error is without merit. The judgment of the trial court is affirmed.
PRESIDING JUDGE WILLIAM M. O'NEILL, CHRISTLEY, J., GRENDELL, J., concur.