JOURNAL ENTRY AND OPINION
{¶ 1} Theresa Klan ("Theresa") appeals the trial court's grant of summary judgment in favor of Susan Klan ("Susan"). Theresa argues that the divorce decree of her late husband Walden Klan ("Walden") and Susan terminated any rights Susan had as the designated beneficiary to Walden's individual retirement account ("IRA"). For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} Walden and Susan entered into marriage on September 30, 1978. During their marriage, Walden signed an individual adoption agreement establishing an IRA with Putnam Investments. At the time of adoption, Walden signed a designation of beneficiary form naming Susan as the primary beneficiary and his father as the contingent beneficiary.
 {¶ 3} On February 23, 1981, Walden and Susan were divorced by divorce degree that incorporated the terms of a separation agreement.
 {¶ 4} On November 2, 1994, Walden's father passed away.
 {¶ 5} Walden passed away unexpectedly on March 31, 2003. At the time of his death, he had been married to Theresa for approximately twenty years. After his death, the parties learned that Walden had not changed the primary and contingent beneficiaries to his Putnam IRA.
 {¶ 6} On April 29, 2004, Theresa filed a complaint for a declaratory judgment and a motion for temporary restraining order. On June 20, 2005, Theresa filed a motion for summary judgment. In response, Susan filed her brief in opposition to the motion and alternatively, requested that the trial court grant summary judgment in her favor.
 {¶ 7} On July 22, 2005, the trial court denied Theresa's motion for summary judgment and granted Susan's motion, declaring that she remained the effective beneficiary of Walden's Putnam IRA and ordered Putnam to disburse the funds in the account to Susan.
 {¶ 8} Theresa appeals, raising a single assignment of error.
"The trial court erred as a matter of law in determining that the divorce decree and separation agreement of Walden F. Klan, deceased, and Appellee Susan Y. Klan was ineffective to terminate or revoke her rights as designated beneficiary of decedent's individual retirement account with Appellee Putnam Investments, and in determining that Appellee Susan Y. Klan remained the beneficiary thereof."
 {¶ 9} In reviewing an award of summary judgment, this court must apply a de novo standard of review. Lane v. NationwideAssurance Co., Cuyahoga App. No. 86330, 2006-Ohio-801; Cole v.American Industries Resources Corp. (1998),128 Ohio App.3d 546, 552. We apply the same test as the trial court in determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. State ex rel Parsons v.Fleming (1994), 68 Ohio St.3d 509.
 {¶ 10} The Ohio legislature drafted a statutory solution to this problem that became effective May 31, 1990. The effect of R.C. 1339.63 is to nullify a wife's or husband's designation of her or his spouse as the beneficiary of death benefits payable under contract where the marital relationship was terminated after the designation was made and if the divorce decree does not specifically prove otherwise.
 {¶ 11} However, as Theresa concedes, R.C. 1339.63 does not apply in this case. The Supreme Court of Ohio held in Aetna LifeIns. Co v. Schilling, 67 Ohio St.3d 164, 1993-Ohio-231, that R.C. 1339.63 cannot be applied in a constitutional manner to effectively nullify a contract entered into before May 31, 1990. In the present case, Walden designated Susan as the beneficiary of the IRA on January 7, 1981.
 {¶ 12} Before the enactment of R.C. 1339.63, the general rule was that a divorce alone does not automatically defeat the right of a named beneficiary to receive contract proceeds, such as an IRA, from a former spouse. Phillips v. Pelton (1984),10 Ohio St.3d 52. An exception to this rule applies where the terms of the divorce specifically indicate the elimination of the named beneficiary from all contract rights, regardless of whether the specific change of the named beneficiary has been made in the policy. Id.
 {¶ 13} As this court explained in Mihalenko v. Merrill,Lynch, Pierce, Fenner Smith (1995), Cuyahoga App. No. 68682, 1995 Ohio App. LEXIS 3298:
"In Phillips, supra, the Court found specific language in the separation agreement which specifically provided that both parties completely and forever released the other from any and all rights each has, or may have as beneficiary in any life or other type of insurance policy issued to the other. The Court found this language sufficient to eliminate each party as beneficiary of the other notwithstanding the fact that no specific change of beneficiary was made in the policy itself."
 {¶ 14} In the present case, the divorce decree incorporated the entire separation agreement. However, the separation agreement made no specific reference to retirement assets. The separation agreement merely contains a general mutual release paragraph whereby each party agreed to settle and terminate any claims to rights, privileges, and benefits that each has against the other. This is insufficient to demonstrate a specific intent to eliminate Susan as the beneficiary of the IRA.
 {¶ 15} Theresa's reliance on the cases of Mihalenko, supra and Lelux v. Chernick (1997), 119 Ohio App.3d 6, is misplaced. In both Mihalenko and Lelux, the parties to the separation agreement specifically directed their attention to the issues of retirement accounts and life insurance policies and expressed their intention to release any and all claims to the assets of the other. The settlement agreement entered into by Walden and Susan made no such reference.
 {¶ 16} Based on the foregoing, Theresa Klan's single assignment of error is overruled, and the judgment of the trial court is affirmed.
It is ordered that appellee shall recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze Jr., P.J., and Calabrese Jr., J., concur