GRELLE, ADMR., APPELLANT, *v.*
NATIONWIDE LIFE INS. COMPANY ET AL., APPELLEES.*

[Cite as Grelle v. Nationwide Life Ins. Co. (1979),
63 Ohio App. 2d 144.]

(No. 78AP-570—Decided April 24, 1979.)

*Messrs. Wolske & Blue, Mr. Walter Wolske, Jr., Messrs. Grelle & Paxton* and *Mr. Robert C. Paxton, II,* for appellant.

*Messrs. Crabbe, Brown, Jones, Potts & Schmidt* and *Mr. William T. McCracken,* for appellee Nationwide Life Insurance Co.

---

* Reporter's Note: A motion to certify the record was overruled by the Supreme Court of Ohio, September 21, 1979.

*Messrs. Tyack, Scott, Grossman & Wiseman* and *Mr. Thomas M. Tyack,* for appellee Carol Grelle.

WHITESIDE, J.   Plaintiff appeals from a judgment of the Franklin County Court of Common Pleas granting a summary judgment in favor of defendants and raises three assignments of error, as follows:

"1. The trial court committed error in holding that the separation agreement did not bar appellee, Carol Grelle, from receiving the proceeds of three life insurance policies on the life of appellant's decedent in the sum of $83,000.00.

"2. The trial court committed error in failing to grant summary judgment to plaintiff based on the affidavits attached to plaintiff's memorandum.

"3. The trial court committed error in failing to deem 'admitted' appellant's request for admissions as appellee's answers were insufficient and inadequate under Rule 36, Ohio Rules of Civil Procedure, resulting in admissions."

Plaintiff is the father and the administrator of the estate of Walter William Grelle, III, who took his own life approximately four months after the dissolution of his marriage to defendant Carol Grelle which dissolution was initiated pursuant to a separation agreement incorporated into the decree. At issue are three life insurance policies upon the life of the deceased, of which defendant Carol Grelle is the named beneficiary. Plaintiff contends that the separation agreement had the effect of eliminating defendant Carol Grelle as beneficiary of the three policies, whereas defendants contend that the agreement did not have that effect. The trial court found in favor of defendants, resulting in this appeal. The proceeds of defendant Nationwide's policy was paid to defendant Carol Grelle within ten days of the insured's death, but the proceeds of the other two policies were paid into court by way of interpleader.

The basic issue in this case is that raised by the first assignment of error. Both parties have cited cases from other jurisdictions in support of their respective positions, as well as some Ohio authority. Inasmuch as there is some conflict of authority in other jurisdictions, and in light of the clarity of the pronouncements of the Ohio Supreme Court by which this court is bound, references to other jurisdictions, although considered, are omitted.

In *Overhiser* v. *Overhiser* (1900), 63 Ohio St. 77, the Supreme Court succinctly stated in the syllabus that:

"When a married woman is named as a beneficiary in a policy of insurance on the life of her husband she is entitled to the proceeds of the policy, notwithstanding a divorce obtained by her before his death."

Although a dissolution, rather than a divorce, is involved here, the result, of necessity, is the same.

*Overhiser* was followed in *Cannon* v. *Hamilton* (1963), 174 Ohio St. 268, which also adopted the proposition that a change of beneficiary can be effected by a separation agreement, the syllabus of that case stating as follows:

"1. A married woman who is named as a beneficiary in a policy of life insurance is entitled to the proceeds upon the death of her insured husband, notwithstanding a divorce obtained by her from the insured before his death. The designation of the beneficiary in the policy as the wife of the insured is merely descriptive. (*Overhiser, Admx.,* v. *Overhiser,* 63 Ohio St., 77, approved and followed.)

"2. Ordinarily, a change of beneficiary in a policy of life insurance by the insured is accomplished by following the procedure directed in the policy.

"3. A separation agreement entered into between the insured and his wife before divorce and made a part of the divorce decree may operate to remove the wife as beneficiary in the policy of life insurance, but to have that effect such agreement must plainly indicate the elimination of the wife as such beneficiary."

Although prior to his death, Walter W. Grelle, III, did not follow the procedure directed in the policies to change beneficiaries, he and defendant Carol J. Grelle did enter into a separation agreement providing, in pertinent part, as follows:

"Whereas, there is certain personal property and joint obligations owed between the parties, which the parties are desirous of dividing between themselves and are further desirous of, as between themselves, discharging the obligations in connection with the debts; and

"Whereas, each of the parties hereto desires by this agreement to settle and adjust all marital claims, property and alimony rights arising from and growing out of said marriage,

"Now therefore, in consideration of the premises and of

the promises and covenants of each to the other, the parties hereto mutually agree as follows:* * *

"8. The Husband agrees to assume and pay premiums to Nationwide Mutual Insurance Company on insurance coverage on the automobiles and any other insurance coverages with Nationwide Mutual Insurance Company, excepting the insurance coverage on the premises known as 435 Eastmoor, which the Wife agrees to maintain in force, as set forth in Item 3, hereinabove.* * *

"14. Neither party shall pay nor be obligated to pay any alimony to or on behalf of the other party in the present or in the future.

"15. Except as specifically provided herein, each of the parties hereto releases and discharges the other from all obligations of support and from all other claims, rights and duties arising from or growing out of their marital relationship, and except as herein specifically provided, each party may freely sell or otherwise dispose of his or her own property in any manner he or she may choose.

"16. Each of the parties hereto is hereby barred from any and all rights or claims by way of dower, inheritance, descent and distribution, allowance for a year's support, right to remain in the mansion house, and other claims as widow, widower, heir, distributee, survivor or next of kin *and any and all other rights or claims whatsoever in or due to the estate of the other, whether real or personal, or whether now owned or hereafter acquired.* Each party hereby waives the right which he or she may have to administer the estate of the other upon his or her death.* * *" (Emphasis added.)

Although paragraph 8 of the agreement required the deceased to pay insurance premiums on automobile and other insurance with Nationwide Mutual Insurance Company, no such requirement was indicated with respect to the life insurance policies including that with defendant Nationwide Life Insurance Company. On the other hand, the language of paragraph 16 is about as broad as language can be to evince an intent that neither party is to succeed to any property of any nature upon the death of the other, including insurance proceeds, short of specifically referring to the insurance policies or insurance proceeds, even though the word "beneficiary" is not included within the enumeration. This separation agree-

ment presents, perhaps, a stronger case for finding a change of beneficiary than was presented by *Western and Southern Life Ins. Co.* v. *Hague* (1956), 74 Ohio Law Abs. 259, wherein the Court of Common Pleas of Franklin County found a change of beneficiary to be effected by the separation agreement. That court found it unnecessary to specifically refer to insurance and predicated the decision upon the fact that insurance policies constitute property owned by the insured at the time of the execution of the agreement. Other cases were distinguished upon the basis of the language involved, essentially being the language incorporated in paragraph 15 of the agreement herein, rather than that incorporated in paragraph 16.

In most cases incorporating only the language of paragraph 15, no change of beneficiary has been found. Paragraph 16, however, as is clearly indicated, goes much further.

Accordingly, it appears, looking only at the language of the separation agreement, that a change of beneficiary would be effected thereby, unless such a change requires specific language stating that it is intended to eliminate the spouse as a beneficiary of life insurance policies. Were we free to do so, we might well adopt the reasoning of the court in *Western and Southern, supra,* but we are bound by the decision of the Supreme Court in *Cannon, supra.* Although the language of the separation agreement herein is readily distinguishable from that in *Cannon,* the rationale of that decision does not appear to be limited to the language of that case.

In *Cannon,* although there was a specific reference to life insurance, the reference was that the policies were to be delivered by the beneficiary to the insured. The Supreme Court held that, in order for a separation agreement to effect a change of beneficiaries, "such agreement must plainly indicate the elimination of the wife as such beneficiary." We construe this language as requiring a specific reference to or statement of elimination of the spouse as beneficiary under the life insurance policy. In this case, at the very least, the addition of the words "life insurance beneficiary" would have to be added to paragraph 16 to have that effect. Since we construe *Cannon* as so requiring and are bound thereby, we have no choice but to find that the separation agreement herein did not have the

effect of eliminating defendant Carol Grelle as beneficiary under the three life insurance policies. The first assignment of error is not well taken.

Likewise, for similar reasons, the second assignment of error is not well taken, although we agree with plaintiff that the suicide note has no bearing upon the meaning of the separation agreement and cannot vary the effect thereof, which we have found adverse to plaintiff's contention.

With respect to the third assignment of error, we find no prejudicial error. Although some of the answers to requests for admissions may be insufficient, resulting in an admission, rather than a denial, none of these vary the result in the case. Determinative herein is the separation agreement, which we have found as a matter of law to be insufficient to effect a change of beneficiary of the three life insurance policies, making any "intent" of either of the parties thereto not expressed in the agreement itself immaterial. Many of the requests for admissions were, of course, totally irrelevant to the issues before this court. Accordingly, the third assignment of error is not well taken.

For the foregoing reasons, all three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

REILLY and MOYER, JJ., concur.