Defendant-appellant, Belva G. Lamar appeals from the decision of the Franklin County Court of Common Pleas granting the summary judgment motion of defendant-appellee, Valerie Lamar.
The facts herein are not in dispute. On May 8, 1976, Robert Lamar, Jr., and appellee were married. On April 29, 1978, appellee gave birth to the couples only child, Kellie Nicole Lamar. In April 1981, Robert applied for and received life insurance coverage under the terms of a group life insurance policy then in existence between his employer, the State of Ohio, and Medical Life Insurance Company ("Medical Life"). Robert designated appellee, then his wife, and his daughter as the beneficiaries of his policy.
On February 18, 1988, Robert and appellee were divorced. The parties' separation agreement, which was incorporated into the final divorce decree, provided as follows with respect to life insurance: "Defendant shall name the minor child of the parties as beneficiary of the life insurance acquired through employment, said amount to be at least one third of the proceeds to be dispersed."
Sometime after his divorce from appellee, Robert married appellant. On July 24, 1995, Robert died. At the time of his death, Robert had not changed the beneficiaries of the proceeds of his life insurance coverage with Medical Life. Accordingly, appellee and Kellie remained the named beneficiaries.
On January 30, 1996, Medical Life filed a complaint for interpleader, pursuant to Civ.R. 22, in the Franklin County Court of Common Pleas naming appellant, appellee and Kellie as defendants. In its complaint, Medical Life admitted that Robert had life insurance coverage in the amount of $48,000 under the policy issued by it to the state of Ohio; that appellee and Kellie were Robert's named beneficiaries; and that appellant had made a competing claim for a portion of Robert's life insurance proceeds.
On February 21, 1997, the trial court filed an order requiring Medical Life to deposit the proceeds of Robert's life insurance coverage with the court, appellant and appellee to set up their claims against the proceeds, and discharging Medical Life from all liability and dismissing it from the action.
On February 5, 1998, and February 19, 1998, respectively, appellant and appellee filed competing motions for summary judgment, each arguing that she was entitled to two-thirds of the proceeds of Robert's life insurance policy. It appears that the parties agreed that Kellie is only entitled to one-third of the proceeds of her father's life insurance policy pursuant to the terms of the divorce decree. With respect to this apparent agreement, we note that it also appears that Kellie and appellee were represented by the same counsel.
On November 2, 1998, the trial court filed a decision granting appellee and Kellie's motion for summary judgment, and denying appellant's motion for summary judgment. Appellant appeals from the trial court's ruling assigning the following error:
 THE TRIAL COURT DECISION GRANTING THE MOTION FOR SUMMARY JUDGMENT OF APPELLEE VALERIE LAMAR WAS IN ERROR AND SHOULD BE REVERSED AS A MATTER OF LAW.
Preliminarily, because the parties dispute (the trial court's granting of summary judgment in favor of appellee) involves only questions of law, the trial court's determination will be reviewed under a de novo
standard. Village of Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105.
Appellant challenges the trial court's granting of summary judgment in favor of appellee on several grounds. Appellant first argues that the divorce decree, which ended Robert and appellee's marriage, evinces Robert's and appellee's intent that appellee relinquished all rights to any portion of Robert's life insurance proceeds. It is well-settled that in order for a separation agreement, made part of a divorce decree, to be read to eliminate one spouse from all rights as a named beneficiary of the other spouse's life insurance policy, the language of the separation agreement must "plainly indicate [such] an intent." LeLux v. Chernick
(1997), 119 Ohio App.3d 6, 12.
As noted, the parties' separation agreement, which was made part of the final divorce decree, provided only as follows with respect to life insurance: "Defendant shall name the minor child of the parties as beneficiary of the life insurance acquired through employment, said amount to be at least one third of the proceeds to be dispersed." This provision clearly evinces the parties intent to ensure that Kellie receive at least one-third of the proceeds of Robert's life insurance policy regardless of any future beneficiary changes by Robert. However, the provision cannot be read to indicate anything with respect to appellee's interest as a named beneficiary of Robert's life insurance policy. The provision neither guaranteed appellee a continuing interest in Robert's life insurance proceeds nor prevented Robert from eliminating appellee's interest in such proceeds through a change of beneficiary during his lifetime.
Appellant next argues that the plain language of the policy indicates that the disputed portion of the proceeds of Robert's life insurance policy should go to the person who was his spouse at the time of his death. To support this reading of the policy, appellant points to the following provision of the policy:
 If no named beneficiary survives the Insured, we will pay the amount of insurance:
(1) to the Insured's spouse, if living * * *.
Appellant's reading of this provision might have some merit if Robert had filled out his beneficiary designation by writing "my spouse" or "my wife." In such case, a strong argument could be made for reading the designation as applying to the person who was Robert's spouse at the time of his death. In fact, however, in filling out his beneficiary designation, Robert listed appellee by name. Further, since appellee, the "named beneficiary," survived Robert, the above provision has no application to the present circumstances.
Appellant also argues that the trial court's granting of summary judgment for appellee was improper as the trial court erred in failing to apply R.C. 1339.63(B)(1) to the Medical Life policy at issue. R.C.1339.63(B)(1) provides in relevant part:
 Unless the designation of beneficiary or the judgment or decree granting the divorce, dissolution of marriage, or annulment specifically provides otherwise * * * if a spouse designates the other spouse as a beneficiary * * * and if * * * the spouse who made the designation or on whose behalf the designation was made, is divorced from the other spouse, obtains a dissolution of marriage, or has the marriage to the other spouse annulled, then the other spouse shall be deemed to have predeceased the spouse who made the designation * * * and the designation of the other spouse as a beneficiary is revoked as a result of the divorce, dissolution of marriage, or annulment.
In Aetna Life Ins. Co. v. Schilling (1993), 67 Ohio St.3d 164,166-167, the Ohio Supreme Court held that the application of R.C.1339.63(B)(1) to life insurance contracts and beneficiary designations, executed prior to the effective date of the statute, would impair the obligation of contracts in violation of Section 28, Article II, Ohio Constitution. R.C. 1339.63 became effective on May 31, 1990. It is undisputed that both the Medical Life insurance policy and Robert's beneficiary designation thereunder were effective before 1990. Therefore, it would appear that Aetna prevents R.C. 1339.63(B)(1) from being applied to the policy in question.
Appellant argues, however, that R.C. 1339.63(B)(1) should be applied to the Medical Life policy. Relying on the dissenting opinion in Aetna, appellant first contends that the application of R.C. 1339.63(B)(1) to the Medical Life policy would not impair appellee's interest in the policy in violation of Section 28, Article II, Ohio Constitution, as appellee had only an expectancy interest, rather than a vested interest, in the proceeds of the policy when R.C. 1339.63 became effective. This argument was rejected by the majority in Aetna.
Aetna involved a husband who designated his wife as beneficiary in a life insurance policy issued in 1975. In March 1977, the couple divorced. The husband remarried in December 1988, and died June 19, 1990. The husband had not changed beneficiaries at the time of his death. The trial court held that under R.C. 1339.63(B)(1), the first wife was deemed to have predeceased the husband. In Aetna Life Ins. Co.v. Schilling (June 17, 1992), Licking App. No. CA-3762, unreported, the Fifth District Court of Appeals affirmed the decision of the trial court holding that the application of R.C. 1339.63(B)(1) to the life insurance policy did not violate Section 28, Article II, Ohio Constitution, as decedent's first wife's interest in the proceeds of the policy were not vested when R.C. 1339.63(B)(1) took effect. On appeal, the Ohio Supreme Court reversed the decision of the Fifth District. In so doing, the Supreme Court implicitly rejected appellant's argument that the constitutionality of R.C. 1339.63(B)(1)'s application to life insurance policies executed prior to the statute's effective date turns on whether the beneficiary's interest in the proceeds of the policy were vested as of that date.
Appellant next argues that R.C. 1339.63(B)(1) may constitutionally be applied to the Medical Life policy in question because the policy had been renewed after the effective date of R.C. 1339.63(B)(1).
It is a well-established legal principle that the exercise of an option to "renew" a contract results in the creation of a new contract. State exrel. Preston v. Ferguson (1960), 170 Ohio St. 450, 457. Accordingly, a statute pertaining to an insurance policy, which becomes effective after the policy's effective date, although inapplicable to the original policy, will be applicable to any "renewal" of the policy, which occurs after the statute's effective date. Benson v. Rosler (1985),19 Ohio St.3d 41, 44, overruled in part on other grounds, Wolfe v.Wolfe (2000), 88 Ohio St.3d 246, 251-252.
Appellant contends that the terms of the Medical Life policy caused the policy to be "renewed" several times after the effective date of R.C.1339.63(B)(1), but before Robert's death, and that the statute may therefore be applied to the new policy, which was in effect at the time of Robert's death. Appellant's reasoning is sound, except with respect to her assertion that the Medical Life policy was "renewed" several times after R.C. 1339.63(B)(1) took effect.
With respect to its effective period, and continuation after that period, the Medical Life policy provides in relevant part as follows:
EFFECTIVE DATE: July 1, 1989.
 POLICY TERM: This Policy shall continue in effect until June 30, 1991.
 POLICY ANNIVERSARY: The first anniversary occurs on July 1, 1991, and all future anniversaries in twenty-four (24) month intervals.
In State ex rel. Preston, the Ohio Supreme Court drew a distinction between contracts containing an option to renew and those containing an option to extend. Specifically, the court stated:
 A contract containing an option to renew has the effect of granting a right to execute a new contract upon exercise of the option and the new contract is operative immediately after the terminal date of the original agreement. In other words, a contract containing a renewal option constitutes a present grant only for the original term, and a new contract must be executed at the end of such term if the option to renew is to be exercised. On the other hand, a contract * * * containing an option to extend an agreement constitutes a present grant which, upon exercise of the option, operates to extend the term of the original agreement and the contract then becomes one for both the original and the extended term. Id. at 457-458; City of Xenia v. Ohio
(Sept. 28, 2000), Franklin App. No. 00AP-3, unreported.
While the "POLICY TERM" and "POLICY ANNIVERSARY" provisions in the Medical Life policy indicate an intent that the policy automatically continue for successive two-year terms after the expiration of its initial two-year term, the language contains no indication that these continuations were intended to result in successive new policies. In order to find that a contract provides for its "renewal," rather than its "extension," beyond its original term, the contract must contain a clear indication that the parties intended such a result. In the absence of language plainly indicating such an intent, a contract, which provides for its continuation beyond its original term, will be read to provide for its "extension." The rationale underlying this rule is that, in the absence of a clear indication to the contrary, a court must presume that the parties intended the law, which was in effect when they first entered into the contract, to govern the contract throughout its existence.
Since there is no indication in the Medical Life policy that the parties intended the policy be "renewed" every two years, we must construe the policy to provide only for its "extension" for successive two-year terms. Accordingly, R.C.1339.63(B)(1) cannot be applied to the policy as it existed at the time of Robert's death.
Appellant's assignment of error is overruled.
We now turn to an issue, which although not directly raised by the parties, is implicated in appellant's challenge to the trial court's award of two-thirds of the life insurance policy proceeds to appellee.
The "Beneficiary" provision of the Medical Life policy provides: "The insured must name a beneficiary on a beneficiary designation card which we provide. If two or more beneficiaries are named, payment will beapportioned equally unless the Insured had specified otherwise." (Emphasis added.) Because Robert's beneficiary designation contained no special instructions regarding apportionment of the policy proceeds between appellee and Kellie, Kellie is entitled to half the proceeds under the terms of the policy. Further, by its plain meaning, the effect of the provision in the divorce decree pertaining to life insurance is to guarantee Kellie no less than one-third of the proceeds of the policy. The provision does not operate, as the trial court apparently found, to reduce Kellie's interest in the policy from one-half to one-third, absent a change of beneficiary to that effect. Accordingly, we must remand this matter for the trial court to distribute the proceeds of Robert's Medical Life coverage equally between appellee and Kellie.
Having overruled appellant's assignment of error, we affirm the judgment of the trial court except for the matter of the distribution of the life insurance proceeds between appellee and Kellie.
Judgment affirmed in part and reversed in part; case remanded withinstructions.
BOWMAN and LAZARUS, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.