OPINION
Valerie N. Finch, plaintiff-appellant, commenced an action in the Franklin County Court of Common Pleas against Key Bank National Association ("Key Bank"), Justine Ramser Finch and Laura Finch, defendants-appellees. The object of the suit was to declare that appellant was entitled to distribution of funds from an Individual Retirement Custodial ("IRA") account No. 274 3830100014, which was placed with Key Bank, naming Justine Ramser Finch as primary beneficiary and Laura Finch as contingent beneficiary. Jack E. Finch, appellant's deceased spouse, had set up the IRA account, which Key Bank had refused to pay to appellant pending a determination as to which party was legally entitled to the IRA funds.
Key Bank filed an interpleader claim and an answer requesting the court to determine who is entitled to the funds and that it be discharged from liability upon payment to the party that the court found to be entitled to the funds.
Justine Ramser Finch answered asserting that, as beneficiary, she is entitled to the funds. Laura Finch answered asserting her right to the funds as a contingent beneficiary.
Both appellant and Justine Ramser Finch moved for summary judgment. The motions were accompanied by affidavits and supporting papers, including Jack Finch's Will and the divorce decree between Justine Ramser Finch and Jack Finch.
The trial court sustained the motion for summary judgment of Justine Ramser Finch and denied the cross-motion for summary judgment of appellant. The trial court further ordered that Key Bank pay the benefits of the IRA account to the designated beneficiary, Justine Ramser Finch.
Appellant appeals, asserting that the trial court erred in granting appellee's, Justice Ramser Finch's, motion for summary judgment and that the trial court erred in denying her motion for summary judgment, alleging that she was entitled as a matter of law to the funds.
We agree with the trial court that there is no genuine issue of facts. The pertinent facts are as follows: (1) Decedent, Jack E. Finch, and defendant-appellee, Justine Ramser Finch, were married April 21, 1979; (2) on April 14, 1986, decedent opened an IRA account with Key Bank, known as account No. 274 383048100014, naming appellee, Justine Ramser Finch, as beneficiary and Laura Finch, a daughter of decedent, as contingent beneficiary; and (3) decedent and Justine Ramser Finch were divorced June 3, 1999. The divorce decree states, as pertinent, as follows:
 3. Each party shall be awarded the household goods and furnishings in his or her respective possession and individual control, free and clear of any claim of the other party except that the Husband shall be able to take personal property from the basement of the Godown Road address that belonged to his father on or before June 1, 1999.
 4. The division of the marital property, while not precisely equal, is equitable pursuant to the agreement and wavier of the parties.
 5. The Plaintiff, Jack E. Finch, shall be the sole and exclusive owner of the following: * * * Account No. 274 383048100014 (IRA) * * *.
On October 9, 1999, decedent married appellant, Valerie N. Finch. Soon thereafter, decedent was diagnosed with terminal cancer and he died April 17, 2000. Decedent made no changes in the beneficiary designations of the IRA in dispute.
On April 6, 2000, decedent executed a Will, bequeathing all of his property to appellant, Valerie Finch, if she survives him and to his daughters, including Laura Finch and step-daughters, in equal shares if appellant predeceased him. The Will contained no mention of the IRA.
The primary issue is the effect that the divorce decree has on the designation of a beneficiary of an IRA where the primary beneficiary of the IRA was, and remains, the divorced spouse.
The Ohio Supreme Court, in Cannon v. Hamilton (1963), 174 Ohio St. 268, held that the ex-wife was entitled to insurance benefits where the former husband failed to change the designation naming her as beneficiary under the insurance policy. The court indicated that a separation agreement entered into between the insured and his wife before the divorce and made a part of the divorce decree may operate to remove the wife as the beneficiary under the policy but, to have that effect, the agreement must plainly indicate an intention to remove the wife as beneficiary. This position was reiterated in Phillips v. Pelton (1980), 10 Ohio St.3d 52, where the court stated that "to effectuate a change of beneficiary the insured must ordinarily follow the procedure directed in the policy." The court went on to state that an exception would apply where the terms of the separation agreement plainly indicate the elimination of the named beneficiary from the right to life insurance proceeds.
In Metropolitan Life Ins. Co. v. Frawley (1989), 712 F. Supp. 131, the Federal District Court held that Ohio laws firmly hold that divorce alone will not defeat an individual's right to proceeds as a beneficiary under a former spouse's insurance policy.
Effective May 31, 1990, the Ohio General Assembly attempted to resolve this issue by enacting R.C. 1339.63, which provides that the termination of the marriage itself revokes the designation of a former spouse as a beneficiary of death benefits. However, in 1993, the Ohio Supreme Court held that the "statute nullifying spouse's designation of beneficiary unconstitutionally impairs the obligation of contracts as applied to contracts entered before the statute effective date." Etna Life Ins. Co. v. Schilling (1993), 67 Ohio St.3d 164. Since the contract in this case was entered into in 1986, R.C. 1339.63 has no effect.
Since the deceased made no change in the beneficiary and contingent beneficiary of the IRA prior to his death, the primary beneficiary, the former spouse, Justine Ramser Finch, remains the beneficiary unless the terms of the agreed divorce decree plainly indicate the elimination of her from the right to the IRA proceeds.
The agreed judgment entry of divorce provided that the deceased, Jack E. Finch, shall be the sole and exclusive owner of the IRA account. In other words, the deceased retained exclusive right to either leave the beneficiaries as designated or to change the beneficiaries. He made no change either in the primary beneficiary, his deceased spouse, or the contingent beneficiary, a daughter by a former marriage. The divorce decree must show a plain intent on the part of the deceased to eliminate his former spouse, Justine Ramser Finch, as a beneficiary, for her right to be nullified. We agree with the trial court that no such plain intent is established from a review of the divorce decree.
Appellant points to the case of Lelux v. Chernick (1997),119 Ohio App.3d 6, where we held that the language of a separation agreement was sufficient to eliminate the beneficiary designation of a divorced spouse even though the separation agreement did not include words "life insurance beneficiary" to effectuate the elimination of the former spouse as beneficiary. In Lelux, a majority of the court held that the language of the separation agreement was sufficient to affect a legal change of beneficiary even though no change of beneficiary was filed with the insurer. In Lelux, the separation agreement contained a specific reference to life insurance policies providing that each of the divorced parties shall receive their own life insurance policy free and clear of any claims of the divorced spouse. Furthermore, there were mutual releases executed where each party to the divorce released any rights or claims and benefits that each has or may have reason to believe as against the other that arose out of the marriage relationship. We do not feel that Lelux is controlling in this case. The language in Lelux contained mutual release language that is different and more specific than in the instant case. The only language concerning property that would be free and clear of any claim of the other party pertained only to personal property, such as household goods and furnishings in each of his or her possession and individual control. There was no such language concerning various bank accounts, such as the IRA account in question.
Furthermore, even if the separation agreement were liberally construed in favor of appellant, resulting in the elimination of Justine Ramser Finch as primary beneficiary to the IRA, that elimination would not affect the rights of the contingent beneficiary, Laura Finch. Her rights could not be affected by virtue of anything other than a change in beneficiary. The Last Will and Testament of the deceased executed a few days prior to his death has no affect on change of beneficiary. The decedent's right to change the beneficiary or beneficiaries to his IRA account terminated upon his death.
Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
TYACK, P.J., and DESHLER, J., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.