RENO, APPELLEE, v. CLARK, APPELLANT; WESTERN & SOUTHERN LIFE INS. CO.

(No. 15-85-22—Decided
December 2, 1986.)

*Koch, Koch & Keister* and *Charles F. Koch,* for appellee.

*Wise, Childs, Rice & Diller* and *Kathleen E. Perry,* for appellant.

GUERNSEY, P.J. This is an appeal by the defendant, Sharon Clark, from a judgment of the Court of Common Pleas of Van Wert County, finding that she is not entitled to the proceeds of an insurance policy.

Plaintiff, Danny Reno, and defendant, Sharon Clark, were married on March 17, 1983, and divorced four months later on July 16, 1983. On October 1, 1972, prior to the marriage, plaintiff purchased a life insurance policy from Western & Southern Life Insurance Company on the life of his son, Daniel R. Reno, Jr., in the amount of $10,000. The policy had a double indemnity clause in case of accidental death. The beneficiaries of the policy were originally the plaintiff and his first wife, the child's mother. However, during the parties' marriage, plaintiff substituted the defendant as a co-beneficiary. At all times, plaintiff paid the premiums due.

In reference to the property division, the parties' divorce decree stated:

"* * * The Plaintiff, Danny Reno, shall have as his own free and clear of any claims of the Defendant, Sharon Reno, now Clark, all the person[al] property now in his possession. It is further ORDERED, ADJUDGED and DECREED that the Defendant, Sharon Reno, now Clark, shall have as her own free and clear of any claims of the Plaintiff, Danny Reno, all the personal property now in her possession."

However, the decree did not otherwise refer in any way to the insurance policy in this matter, or to any other insurance policies the parties may have owned.

On August 10, 1984, Daniel R. Reno, Jr., the insured, died as a result of a motorcycle accident. The policy was still in effect and the defendant was still named as a co-beneficiary.

Upon notice and proof of death, the insurance company paid the plaintiff $10,000, half the total amount then payable under the terms of the policy, but refused to release the remaining $10,000, absent a legal determination of whether plaintiff or defendant was entitled to it. Plaintiff filed suit on November 9, 1984 against the insurance company and the defendant. Upon agreement of the parties and the court, the insurance company paid the $10,000 into the court and was dismissed from the case.

The parties stipulated to the above facts. However, an evidentiary hearing was held on March 21, 1985. The plaintiff testified that when the parties

were contemplating divorce, they divided up the insurance policies, plaintiff retaining those on the lives of his children, and defendant retaining those on the lives of her children from a previous marriage. He further testified that he met with his insurance agent to have the defendant removed as a beneficiary, but as the agent did not have the proper forms with him, the change was not effected at that time. The plaintiff stated that he thought the change had occurred at a later time, even though he took no further action.

On August 5, 1985, the trial court journalized its decision, finding for the plaintiff and stating:

"The Court finds that the policy of insurance was owned by the Plaintiff prior to the marriage between himself and the Defendant; the insured was the Plaintiff's son who[m] the Defendant has no insurable interest in; the Plaintiff paid all premiums for said policy prior to, during and after the marriage to the Defendant; the Plaintiff made an attempt to change the beneficiary after the marriage but was prevented from doing so by an agent of the insurance company who did not have the proper forms at that time; and the decree of divorce set off all personal property in possession of the Plaintiff to the Plaintiff 'free and clear of all claims of the Defendant.' The Court further finds that because of these facts, that it must in equity and in conscience award the proceeds of the said policy to the Plaintiff as prayed for in the complaint."

Defendant appeals from this judgment and assigns as error:

"The trial court erred in failing to apply the principle of law that a contract for the benefit of a third-party beneficiary creates an enforceable right in the third-party beneficiary."

Although the trial court's judgment is understandable in light of the facts, it improperly decided the matter based on equity. Plaintiff did not request equitable relief, and had an adequate remedy at law. Further, the fact that defendant had no insurable interest in the insured is immaterial because this is a defense that only the insurance company may assert, and not a party to the action. 57 Ohio Jurisprudence 3d (1985) 454, Insurance, Section 390.

Defendant, on the other hand, is clearly a third-party beneficiary to the insurance contract. A third-party beneficiary is one for whose benefit a promise is made in a contract, but who is not a party to the contract. *Chitlik* v. *Allstate Ins. Co.* (1973), 34 Ohio App. 2d 193, 196, 63 O.O. 2d 364, 366, 299 N.E. 2d 295, 297.

It is well-established under Ohio law that a divorce decree will not serve to cut off the rights of a beneficiary to an insurance policy. *Cannon* v. *Hamilton* (1963), 174 Ohio St. 268, 22 O.O. 2d 331, 189 N.E. 2d 152. In *Phillips* v. *Pelton* (1984), 10 Ohio St. 3d 52, 53, 10 OBR 314, 315, 461 N.E. 2d 305, 307, the Supreme Court said:

"The general rule is that divorce (or dissolution) alone does not automatically defeat the right of a named beneficiary to receive the proceeds of a former spouse's life insurance policy. * * * In order to effectuate a change of beneficiary, the insured must ordinarily follow the procedure directed in the policy * * *. In summary, the intentions of the insured as expressed in the designation of beneficiary will normally be upheld.

"An exception applies where the terms of a separation agreement which is made part of the divorce (or dissolution) decree 'plainly indicate' the elimination of the named beneficiary from all rights to the life insurance proceeds. * * *"

This court recognizes that the majority of case law on this issue has oc-

curred under circumstances where the insured was the former spouse of the beneficiary. Nonetheless, we find nothing to indicate that these basic rules are not applicable in this matter.

As stated earlier, the divorce decree did not refer to this insurance policy, much less "plainly indicate" an intention to remove the defendant as a beneficiary. While plaintiff's testimony that the parties divided up their insurance policies is some evidence of an intention that each retain ownership of his own policies, it neither affected status as beneficiary nor constituted sufficient evidence to warrant judicial removal of the defendant as a co-beneficiary. To effect a change in beneficiary, the policy required plaintiff to file a written request with the company at its home office. Plaintiff was aware of this procedure, having made a change in beneficiary on at least one prior occasion. Although plaintiff took some action to remove the defendant as beneficiary, merely notifying the agent of the proposed change and requesting the proper forms does not rise to a level of such substantial compliance with the required procedure as to effect the removal of defendant as co-beneficiary. *Union Central Life Ins. Co.* v. *Mac-Brair* (1940), 66 Ohio App. 144, 33 Ohio Law Abs. 147, 19 O.O. 402, 31 N.E. 2d 172; *Tomaneng* v. *Reeves* (C.A. 6, 1950), 180 F. 2d 208; 59 Ohio Jurisprudence 3d (1985) 228, Insurance, Section 1159.

Because the defendant was still listed as a beneficiary at the time of the insured's death, her rights in the policy vested irrevocably at that time, and she is entitled to her half of the proceeds. The assignment of error is well-taken and the judgment of the trial court must therefore be reversed.

*Judgment reversed.*

COLE and MILLER, JJ., concur.