OPINION
{¶ 1} Defendant, Jason Kucharski, appeals from his conviction and sentence for felonious assault, R.C. 2903.11(A)(1), which were ordered by the trial court upon a verdict of guilty returned by a jury.
 {¶ 2} On May 12, 2004, Defendant was at Shag's Tavern in Dayton, where he encountered Nathan Perkins. The two had grown up in the same neighborhood but did not know one another well. Recognizing the Defendant, Perkins struck up a conversation in which he reminded Defendant of instances many years earlier when Perkins and two other young males had beaten Defendant. Their conversation lasted about ten minutes, concluding when Defendant allowed Perkins to use his cell phone to call his girlfriend.
 {¶ 3} Perkins left the bar and went home but returned about thirty minutes later. He encountered two friends in the parking lot and together the three went into the bar. Though the two other men were not the ones who had joined Perkins in beating Defendant years before, upon seeing the three Defendant became nervous and frightened.
 {¶ 4} Defendant and Perkins had no further conversations that night and Defendant took care to avoid him. Later, upon leaving the bar, Defendant encountered Perkins near the door. Seeing Perkins raise his glass and believing that Perkins intended to do him harm, Defendant struck Perkins in the face with his fist. The blow caused Perkins to bleed profusely, and he was removed to a hospital. Defendant left the premises after being ordered away by the bartender.
 {¶ 5} Perkins suffered a fracture of the orbital bone of his right eye, which required surgery. He also suffered other, associated fractures. His surgical treatment required between forty and fifty stitches. He was prescribed pain medication.
 {¶ 6} On September 23, 2004, Defendant was indicted for felonious assault. A jury trial commenced on November 8, 2004. Defendant requested a jury instruction on self-defense and submitted a proposed instruction. The trial court gave the requested instruction, modified slightly. The jury returned a guilty verdict, rejecting Defendant's claim of self-defense. He was convicted and sentenced pursuant to law and subsequently filed a timely notice of appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 7} "APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL SUBMITTED AN INACCURATE AND MISLEADING INSTRUCTION ON SELF-DEFENSE AND FAILED TO OBJECT TO THE INSTRUCTION GIVEN BY THE COURT."
 {¶ 8} Claims of ineffective assistance of counsel which challenge a defendant's conviction must demonstrate two propositions. First, it must be shown that counsel's performance failed to satisfy prevailing professional norms in some material respect. Second, it must be shown that as a result of that failure the defendant was prejudiced to such an extent that, otherwise, the factfinder would have had a reasonable doubt respecting guilt. That prejudice must be affirmatively demonstrated. Strickland v. Washington (1984), 466 U.S. 668.
 {¶ 9} Defendant requested the court to give an instruction to the jury containing the following passages:
 {¶ 10} "To establish self-defense, the defendant must prove:
 {¶ 11} "(A) the defendant was not at fault in creating the situation giving rise to the event at Shag's Bar on May 12,2004.
 {¶ 12} "(B) the defendant had reasonable grounds to believe and an honest belief, even though mistaken, that he was in immediate danger of bodily harm and that his only means toprotect himself from such danger was by the use of force not likely to cause death or great bodily harm."
 {¶ 13} "* * *
 {¶ 14} "In deciding whether Jason Brian Kucharski had reasonable grounds to believe and an honest belief that he was in immediate danger of bodily harm, you must put yourself in the position of Jason Brian Kucharski, with his characteristics, and his knowledge or lack of knowledge, and under the circumstances and conditions that surrounded him at the time. You must consider the conduct of Nathan Perkins and decide if his acts and words cause Jason Brian Kucharski reasonably and honestly to believe that he was about to receive bodily harm."
 {¶ 15} The court granted Defendant's request. However, in delivering its instruction, instead of referring to "the event at Shag's Bar" as Defendant had requested, the court told the jury that to prove self-defense Defendant must prove that he "was not at fault in creating the situation giving rise to the feloniousassault." (T. 251). Defendant argues that his attorney was ineffective for failing to object to the instruction the court gave because it suggests that a felonious assault occurred.
 {¶ 16} A claim of self-defense is an affirmative defense.State v. Martin (1986), 21 Ohio St.3d 91. It asserts an excuse of justification for criminal liability that would otherwise exist. R.C. 2901.05(C)(2). Because it functions as an admission and avoidance, as affirmative defenses do, a claim of self-defense presupposes that the alleged crime took place. Therefore, any suggestion of criminal liability implicit in the self-defense instruction the court gave, though gratuitous, was not sufficiently prejudicial to Defendant's rights to satisfy the standard for ineffective assistance of counsel laid out inStrickland.
 {¶ 17} Defendant's second and more fundamental contention is that his counsel was ineffective for requesting the self-defense instruction quoted above and/or for not objecting when the court gave it in substantially the same form. Defendant argues that to the extent the instruction stated that he was required to prove that "his only means to protect himself" was the force he used, it implies a duty to retreat which the law does not impose when nondeadly force is used.
 {¶ 18} Physical force may be used in self-defense, subject to two qualifications. First, the defendant cannot have been at fault in creating the situation that gave rise to the danger against which he used force to protect himself. Second, the defendant must have had reasonable grounds to believe, and an honest belief, that such force as was used was necessary to protect himself. That second justification differs in its application depending on the nature of the force used, whether it was deadly or nondeadly.
 {¶ 19} Deadly force may used as a defense against a danger of death or great bodily harm, but when deadly force is used the defendant must, in addition, not have violated any duty to retreat in order to protect himself from that danger. State v.Robbins (1979), 58 Ohio St.2d 74. Implicit in the retreat requirement is a value judgment that retreat is preferred to a loss of life resulting from the use of deadly force.
 {¶ 20} The duty to retreat does not apply when one is attacked in one's home or office. State v. Jackson (1986),22 Ohio St.3d 281. It otherwise generally does when deadly force is used, and to prove that the duty was not violated the defendant must show that no means of retreat or avoidance was available, that his only means of escape or avoidance was the deadly force he used. State v. Melchior (1978), 56 Ohio St.3d 15.
 {¶ 21} Because the use of nondeadly force, by definition, presents no risk of loss of life, there is no duty to retreat when nondeadly force is used in self-defense. State v. Perez
(1991), 72 Ohio App.3d 468. Then, the trial court errs when it instructs the jury that a defendant who used nondeadly force must not have violated a duty of retreat to prove self-defense. Id;City of Columbus v. Dawson (1986), 33 Ohio App.3d 41; State v.Fox (1987), 37 Ohio App.3d 78.
 {¶ 22} In the present case, the trial court did not instruct the jury that Defendant cannot have violated a duty of retreat in order to claim self-defense. However, the court did instruct the jury that the corollary showing was necessary in order to find that Defendant acted in self-defense: that the force he used was Defendant's only means to protect himself from the danger that he believed Perkins posed. We agree that, to the extent that such a showing is said to be necessary, the instruction erroneously implied that a duty to retreat arises when nondeadly force is used. The further issue is whether the error is reversible.
 {¶ 23} In finding that the trial court erred when giving a deadly force instruction where the act of self-defense involved the use of nondeadly force, the Dawson and Perez courts approved the pattern jury instruction pertaining to nondeadly force used in self-defense that appeared at 4 Ohio Jury Instructions (1984), Section 411.31(4). That section requires only a reasonable belief on the defendant's part that the force he used was necessary to protect himself. It differs from the pattern instruction that appeared at Section 411.31(2) of that same edition of Ohio Jury Instructions pertaining to the use of deadly force, which required the defendant to show that he did not violate a duty to retreat and that "the only means of escape" was the force he used. The trial courts in Perez and Dawson had used the deadly force instruction even though the evidence was undisputed that only nondeadly force was used.
 {¶ 24} The instruction the trial court gave in the present case, which Defendant had requested, mirrors the pattern jury instruction for self-defense involving the use of nondeadly force that appears at 4 Ohio Jury Instructions (2005), Section 411.33. Like its prior version, that pattern instruction does not provide that the defendant cannot have violated a duty to retreat. However, and unlike its prior version, Section 411.33 provides that the defendant must prove "that his/her only means toprotect himself/herself from such danger (of bodily harm) was by the use of force . . ." In that respect the pattern instruction is similar to the pattern instruction for the use of deadly force that appears at 4 Ohio Jury Instructions (2005), Section 411.31, which similarly amplifies the duty to retreat applicable to the use of deadly force. Because no duty to retreat applies when nondeadly force is used, the reference to the defendant's "only means to protect himself/herself" in Section 411.33 is misleading and confusing when applied to the use of nondeadly force. We recommend that the reference be deleted from Section 411.33 and that the simple reasonableness test that appeared in the prior version be adopted.
 {¶ 25} Returning to the issue before us, we must decide whether Defendant's Sixth Amendment right to the effective assistance of counsel was violated because counsel requested an improper instruction and/or failed to object when the instruction was given. Inasmuch as the requested instruction proposes the pattern instruction pertaining the use of nondeadly force that appears at 4 Ohio Jury Instructions (2005), Section 411.33, which though not mandatory is authoritative,[1] it would be difficult to find that Defendant's attorney failed to satisfy the requirements of a relevant professional norm by requesting it or failing to object when the court gave that instruction.Strickland instructs us, however, that the threshold inquiry is whether a defendant was prejudiced as a result of his counsel's performance. Prejudice is shown when "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1988),42 Ohio St.3d 136, paragraph 3 of the Syllabus by the Court. On this record, we find that any prejudice Defendant suffered does not rise to that level.
 {¶ 26} We return to the two qualifications for the justified use of force in self-defense mentioned above: that the defendant did not create the situation that gave rise to his use of force, and that he had reasonable grounds to believe, and an honest belief, that such force as he used was necessary to protect himself. Those qualifications or elements are cumulative. Statev. Jackson (1986), 22 Ohio St.3d 281. Stated otherwise, if either is not proved, no further issue of whether the Defendant violated a duty of retreat is presented. Then, whether his use of force was his "only means" to escape the danger he perceived is immaterial.
 {¶ 27} In order to satisfy the "not-at-fault" requirement the defendant must not have been the first aggressor in the incident.Robbins, Melchior. That is so when the defendant strikes the first blow, Robbins, as Defendant did here. Then, whether he had an honest belief that his act was necessary to protect himself is irrelevant because, having commenced the affray, the defendant was necessarily at fault in creating the situation in which force was used.
 {¶ 28} Defendant may have honestly believed that Perkins intended to strike him when Perkins raised his glass as he did. However, it is undisputed that Perkins struck no blow against Defendant, or even attempted to. Defendant's conduct in striking Perkins, even if it was founded on an honest belief based on his prior experience, was wholly preemptive, not responsive. Being the first aggressor, the jury could reasonably find that Defendant was therefore "at fault" in creating the situation that gave rise to his use of force. That finding renders irrelevant to the jury's resolution of his self-defense claim any question whether he violated a duty to retreat, as well as the corollary issue of whether using force was his only means of escape. Any error that occurred in so charging the jury was not prejudicial to the extent that a reasonable probability exists that, but for counsel's failure to object to the instruction he requested, the result of the trial would have been different. Bradley.
 {¶ 29} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 30} "APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS APPELLANT PROVED SELF-DEFENSE BY A PREPONDERANCE OF THE EVIDENCE."
 {¶ 31} A criminal defendant's argument that his conviction is against the manifest weight of the evidence presented at his trial contends that, contrary to the underlying guilty verdict, the greater amount of credible evidence offered fails to support that verdict because a reasonable doubt of his guilt remains.State v. Thompkins (1997), 78 Ohio St.3d 380. "Weight is not a question of mathematics, but depends on its effect in inducing belief." Id., at 387. In reviewing the claim, an appellate court reviews the "entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983)20 Ohio App.3d 172, 175.
 {¶ 32} It is the burden of a defendant who makes a manifest weight of the evidence argument to point to the particular evidence that supports his claim. Defendant points to evidence in the form of his own testimony that when he saw Perkins raise his glass Defendant honestly believed, based on Perkins having participated in beating him some years before, that Perkins intended to harm him, and therefore the force he then used when he struck Perkins was reasonably necessary to protect himself from harm.
 {¶ 33} In resolving the prior assignment of error we held that Defendant's belief, even if honestly held, could not justify the force he used because Defendant was the first aggressor. Therefore, evidence of that belief cannot weight against the jury's rejection of Defendant's self-defense claim.
 {¶ 34} Otherwise, there is evidence in the form of testimony by the bartender that Perkins made no threatening gestures before Defendant struck him. Defendant's friend who was with him corroborated that testimony. There was also evidence that after he left the bar Defendant waited outside, wishing to fight Perkins further. That evidence preponderates against Defendant's claim of self-defense and, along with the undisputed evidence of the serious bodily injury Perkins suffered, weighs in favor of guilty verdict the jury returned on that charge of felonious assault.
 {¶ 35} The second assignment of error is overruled.
THIRD ASSIGNMENT OF ERROR
 {¶ 36} "THE TRIAL COURT ERRED IN ORDERING APPELLANT TO PAY RESTITUTION WITHOUT MAKING A FINDING OF THE AMOUNT OF RESTITUTION."
 {¶ 37} R.C. 2929.18(A)(1) provides that the trial court in imposing a sentence may order the defendant to pay restitution to the victim in an amount compensable of the victim's economic loss. The trial court stated only that it would "make an order that you pay restitution to the victim of this offense once that amount is determined." (T. 3).
 {¶ 38} We have held that the total amount of restitution ordered must be journalized and that the failure to do so constitutes plain error. State v. DeLong (April 15, 2005), Montgomery App. No. 20656, 2005-Ohio-1905. The State in its brief concedes error in the court's failure to find and order the amount of restitution Defendant must pay Perkins. The case will be remanded for further proceedings on that issue.
 {¶ 39} The third assignment of error is sustained.
 Conclusion {¶ 40} Having sustained Defendant-Appellant's third assignment of error, we will reverse that portion of his sentence ordering restitution and remand the case for further proceedings on that issue, consistent with this opinion. Defendant-Appellant's conviction and sentence are otherwise affirmed.
Fain, J. and Donovan, J., concur.
[1] Ohio Jury Instructions is a compendium of standard instructions prepared by the Jury Instructions Committee of the Ohio Judicial Conference, and is generally followed and applied by Ohio's court.