{¶ 103} Trial courts must fully and completely give the jury all instructions that are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder. State v. Comen
(1990), 50 Ohio St.3d 206, 210. While the use of the Ohio Jury Instructions is not mandatory and its language should not be blindly applied, State v. Cotton (Aug. 14, 1996), 1st Dist. No. C-950208, 1996 Ohio App. LEXIS 3389, at 7; State v. Napier (1995), 105 Ohio App.3d 713,720, we hold that the trial court's use of *Page 21 
the language from the non-standard jury instruction was error in this case because it was an incorrect statement of law.
 {¶ 104} Crim.R. 30(A) requires the trial court:
 {¶ 105} "At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. Copies shall be furnished to all other parties at the time of making the requests. The court shall inform counsel of its proposed action on the requests prior to counsel's arguments to the jury and shall give the jury complete instructions after the arguments are completed. The court also may give some or all of its instructions to the jury prior to counsel's arguments. The court shall reduce its final instructions to writing or make an audio, electronic, or other recording of those instructions, provide at least one written copy or recording of those instructions to the jury for use during deliberations, and preserve those instructions for the record.
 {¶ 106} "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury."
 {¶ 107} The standard instructions found in Ohio Jury Instructions, commonly referred to as OJI, are not mandatory. Rather, they are recommended instructions, based primarily upon case law and statutes. The particular instruction to be given in a jury trial is fact specific and based upon the indictment, testimony, evidence, and the defenses available to the defendant. The standard instructions are crafted by the Ohio judicial conference and sanctioned by the Ohio Supreme Court to assist trial judges and lawyers in correctly and efficiently charging the jury on the law applicable to a particular *Page 22 
case. The OJI are authoritative, and are generally to be followed and applied by Ohio's courts. Cf. State v. Kucharski, 2d Dist. No. 20815,2005-Ohio-6541, at ¶ 25, fn. 1. The OJI are tested, both at trial and through thorough appellate and (usually) Supreme Court review. Standard criminal instructions are written under the particular statutes and existing precedent from the Ohio Supreme Court. When given, they insure accuracy and compliance with constitutional protections afforded to litigants and minimize reversible error.
 {¶ 108} "`Requiring a trial court to rigidly follow these instructions would remove judicial discretion and control from the trial proceedings and not allow the flexibility necessary to manage the various situations that arise during a jury trial.'" State v. Shaffer, 11th Dist. No. 2001-T-0036, 2003-Ohio-6701, at ¶ 44, quoting State v. Martens (1993),90 Ohio App.3d 338, 343; accord, State v. Teachout, 11th Dist. No. 2006-L-081, 2007-Ohio-1642, at ¶ 20. Sometimes, there is a factually unique situation (usually civil in nature), for which no standard instruction exists. However, in the criminal arena, all the charges are codified and the instructions mirror those codifications. When issues not covered by the OJI are presented, a trial court, in its discretion, may fashion an instruction after consulting counsel. The creation of particular criminal instructions, outside the OJI (most often to clarify an existing instruction), without motion, and over objection by counsel should be done sparingly.
 {¶ 109} The scenario presented by this case, wherein the trial court used, as an instruction, dicta from a manifest weight analysis by the Fourth Appellate District, illustrates the problem which the adoption of the OJI was meant to avoid. The burden of proof and the requirements of basic, long-standing legal concepts cannot be altered. The action by the trial court in this case created an inherent disparity and definition of *Page 23 
the law as applied. This goes to the very heart of the constitutional safeguards embodied in both the state and federal constitutions.
 {¶ 110} Further, when the majority of litigants and attorneys who understand the authoritative nature of OJI and regularly use the standard instruction on particular topics present evidence in conformity with it during trial, and the instruction is not thereafter given, the possibility of a misstatement or misapplication of the law increases. It is this writer's opinion that trial courts should use the standard instruction if one exists, and not create new instructions from dicta in case law in criminal matters if the standard instruction suffices. Any resulting error can be costly, to the parties, and the courts.
 {¶ 111} Consequently, I concur.