JOURNAL ENTRY AND OPINION
{¶ 1} James Lane appeals from an order of the trial court that granted summary judgment in favor of Nationwide Assurance Company regarding an insurance setoff dispute. Lane claims that the trial court erred in failing to apply a pro rata setoff against two separate underinsured motorist policies. We affirm.
 {¶ 2} The record reveals that in April 2001, Lane was a passenger in a private taxi driven by Frank Landers. While the taxi was waiting to turn left into the Marriott Hotel in downtown Cleveland, it was rear-ended by a car driven by Yan Xiao.
 {¶ 3} In April 2003, Lane filed suit against Xiao, Landers, and Lane's own insurer, Erie Insurance Company ("Erie).[1]
A settlement was then reached with Xiao's insurance carrier, Geico General Insurance Company, Nationwide Assurance Company ("Nationwide"), which paid its policy limits of $100,000, and Erie. Although the Erie policy had a per person limit of $500,000 in coverage, Lane settled with Erie for $104,000. Lane next attempted to amend the complaint to add Lander's insurance carrier, Nationwide, but the request was denied.
 {¶ 4} In August 2004, the parties filed a stipulation of dismissal, and Lane then filed the instant action against Nationwide seeking the $100,000 limits of its policy.
 {¶ 5} As both parties agree, the relevant portion of the Nationwide policy provides in pertinent part:
"(2) If an insured person other than you or a relative is a named insured or an insured household member for uninsured motorists or underinsured motorists coverage under another policy, our coverage is excess to any such coverage. Our coverage will apply only in the amount by which the limit of coverage under this policy exceeds the limit of coverage of the policy or policies under which such insured person is a named insured or insured household member.
"(3) Except as stated above, if there is other insurance similar to this coverage under any other policy, we will be liable for only our share of the loss. Our share is our proportion of the total insurance limits for the loss."
 {¶ 6} Nationwide moved for summary judgment, claiming that it was statutorily entitled to a setoff of the $100,000 amount paid by Xiao's insurer. Lane responded to this contention and asserted that his own UIM policy under Erie provided that such coverage was merely excess to that of Xiao and Landers and that each party was only entitled to a pro rata setoff of the $100,000, or $83,333.33. The trial court granted Nationwide's motion without opinion, and Lane appeals from this order in a single assignment of error that states:
"WHERE BOTH A NATIONWIDE UIM (UNDERINSURED MOTORIST) POLICY AND AN ERIE UIM POLICY PROVIDED COVERAGE TO APPELLANT, THE TRIAL COURT ERRED IN ALLOWING APPELLEE NATIONWIDE TO SETOFF THE ENTIRE $100,000 RECOVERED FROM THE TORTFEASOR AGAINST NATIONWIDE'S POLICY LIMIT OF $100,000, LEAVING NO COVERAGE AVAILABLE TO APPELLANT UNDER THE NATIONWIDE UIM POLICY."
 {¶ 7} In reviewing an award of summary judgment, this court must apply a de novo standard of review. Cole v. AmericanIndustry Resources Corp. (1998), 128 Ohio App.3d 546, 552. We apply the same test as the trial court in determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. State ex rel. Parsons v. Fleming,68 Ohio St.3d 509, 511, 1994-Ohio-172. "A `material fact' depends on the substantive law of the claim being litigated." Hoyt, Inc. v.Gordon Assocs., Inc. (1995), 104 Ohio App.3d 598, 603, citingAnderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 247-248.
 {¶ 8} Lane contends that although the Erie policy limits are five times greater than the Nationwide policy and that typically there would be no pro rata application of policy limits, such a statement is inapplicable to the instant case as language contained in the Erie policy makes its UIM coverage excess coverage to that of Nationwide.[2] For support, Lane cites to the following portion of the Erie policy:
"This endorsement provides primary insurance for any owned auto we insure and for you or a relative if struck by an uninsured motor vehicle while not occupying a motor vehicle. It is excess over any other collectible Uninsured Motorists insurance on an auto we insure that you do not own."
 {¶ 9} However, the relevant statutory provision in effect at the time of the accident, R.C. 3937.18, states:
"* * * Underinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverages, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under insured's uninsured motorist coverage if the person or persons liable were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured."
 {¶ 10} By allowing Lane to settle with Erie for significantly less than its policy limits provided and then fully recover the limits of the Nationwide policy, allows Lane to seek a disproportionate windfall from Nationwide in contradiction to R.C. 3937.18. As the Ohio Supreme Court held in Cole v.Holland, 76 Ohio St.3d 220, 225, 1996-Ohio-105:
"[P]ursuant to former R.C. 3937.18, an underinsurance claim must be paid when the individual covered by an uninsured/underinsured policy suffers damages that exceed those monies available to be paid by the tortfeasor's liability carriers. In determining the amount of underinsurance coverage to be paid in a situation involving an accident governed by former R.C. 3937.18, the underinsurance provider is entitled to set off the amounts actually recovered from the tortfeasor's liability carriers against the insured's total damages, rather than against its policy limits."
 {¶ 11} For these reasons, Lane's sole assignment of error lacks merit.
 {¶ 12} The ruling of the trial court is affirmed.
It is ordered that appellee shall recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, J., concurs.
 McMonagle, J. concurs in judgment only.
[1] CR 499112.
[2] We note that the parties do not dispute that Lane is an insured as defined under the policy since he was a passenger in Landers' car.